## EHLE *v.* THE CHITTENANGO BANK.

A dividend of the profits of a banking association, declared by the directors "payable in New York State currency," is payable in cash. The directors have no authority to declare it payable otherwise.

Evidence of an understanding by the cashier that "State currency" meant country bank notes current in New York city at a discount of a quarter of one per cent, but not showing a general usage in that sense, is inadmissible.

APPEAL from the Supreme Court. The plaintiff sued, as a stockholder of the bank, to recover fifty-six dollars due him for a dividend. Upon the trial it appeared that the defendant was a banking association organized under the general law of 1838. The directors declared a dividend of four per cent, payable, by the terms of their resolution, "in New York State currency." The referee, under exception, allowed the cashier to testify that, by the terms "New York State currency," he understood bills that are quoted at a quarter of one per cent below par in the city of New York. The plaintiff demanded

his dividend in specie or in the bills of the bank, which was refused; the defendant tendering to him the bills of solvent country banks of this State (other than its own), which were current in New York city at a discount of one-quarter of one per cent.. The referee reported in favor of the defendant, and the judgment entered upon his report having been affirmed at general term in the fifth district, the plaintiff appealed to this court.

*Charles Stebbins,* for the appellant.

*Sidney T. Fairchild,* for the respondent.

WRIGHT, J. I am for reversal, for the following reasons:

1st. The dividend declared and demanded was, not of cur rent or uncurrent bills or property possessed by the bank (which might be specifically divided amongst the stockholders), but was a portion of the surplus or net earnings of the asso-ciation. It was a dividend of $6,000 of cash profits realized, and set apart as due to the stockholders. So much of the cash earnings of the association were withdrawn from its business and divided *pro rata* amongst the stockholders as the earnings of their capital invested in the stock. The bank became the debtor of the stockholders when the dividend, by the terms of the resolution, was payable. I think that the stockholder was entitled to demand his dividend in money; and that an offer to pay in uncurrent bills, of banks that might happen to be solvent when such dividend was payable, would not exonerate the association. If the terms "New York State currency," employed in the resolution, mean anything other than money, or mean, as the cashier seems to have understood, bank bills, that are quoted at a quarter per cent below par in the city of New York, there was no authority in the board of directors to declare that a dividend of the cash profits of the bank should be paid in depreciated bank notes.

2d. I think the question put to the cashier: "What do you understand by New York State currency?" was incompetent and inadmissible. His understanding of the phrase was imma-

terial, and the evidence did not tend, in any degree, to show in what sense the directors understood, or for what purpose they used it in the resolution. The term "New York State currency" must be held to mean what the ordinary signification of those words imply, unless, by some general known usage, some other technical meaning can be attached to it. The testimony of the cashier as to what he understood the phrase to mean, did not tend to prove any such known usage; or that the directors, when they used the term in their resolution making the dividend, understood it as he did.

The judgment should be reversed, and a new trial ordered, with costs to abide event.

*Judgment reversed, and new trial ordered.*