Lombardo agt. Case.

———•———

# SUPREME COURT.

### Fotio Lombardo agt. Watson E. Case.

A contract made by a *stock broker* was as follows: "New York, October 8, 1863. For value received the bearer may call on me for one thousand shares of the stock of the Cleveland and Pittsburgh Railroad Company, at one hundred and seventeen (117) per cent., any time in six months from date, without interest. The bearer is entitled to all the dividends or surplus dividends declared during the time to half-past one P. M., each day."

*Held*, on demurrer to the complaint for a dividend declared prior to the making of the contract, that an alleged custom among brokers and dealers in stocks, that the words " dividends or surplus dividends " in the contract, were intended to mean dividends declared on the stock without regard to whether they had been announced *before or after the date of the contract, provided* that on the day the contract was made the stock was selling in the market " *dividend on*," and not "ex dividend," would not be allowed to be proved on the trial, for the reason that effect could not be given to the custom without making a new contract between the parties, as six months from date could not mean or include " a day or two before date." Consequently a dividend of four per cent. which had been declared and announced at the time of the making of the contract, could not be recovered by the purchaser, although the stock was then selling "dividend on."

*New York Special Term, November*, 1865.

*Before* SUTHERLAND, *Justice*.

DEMURRER to complaint. The plaintiff sued on a contract made by the defendant, of which the following is a copy :

" NEW YORK, October 8, 1863. For value received the bearer may call on me for one thousand shares of the stock of the Cleveland and Pittsburgh Railroad Company, at one hundred and seventeen (117) per cent., any time in six months from date, without interest. The bearer is entitled to all the dividends or surplus dividends declared during the time to half-past one P. M., each day.

" WATSON E. CASE."

The complaint alleged that by the general custom of brokers and dealers in stocks in the city of New York, the words " dividends or surplus dividends " in the contract, were intended to mean dividends declared on the stock, without regard to whether they had been announced before or after the date of the contract, provided that on the day the contract was made the stock was selling in the market " dividend on," and not " ex dividend ;" that at the time of the making of the contract a dividend of four per cent. had been declared and announced, and the stock was selling " dividend on ;" that on April 7, 1864, plaintiff called for and demanded the one thousand shares of stock, and also for the four per cent. dividend ; that the defendant deli-

vered the stock, but refused to pay or account for the dividend, and plaintiff demanded judgment for the amount of said dividend, being $2,000 and interest. The defendant demurred to the complaint on the ground that it did not state facts sufficient to constitute a cause of action.

WM. ALLEN BUTLER, *for defendant.*
WRIGHT & PRENTICE, *for plaintiff.*

SUTHERLAND, J. It is very clear that the complaint does not state a cause of action independent of the general custom of brokerage alleged in it, for the complaint alleges that the dividend claimed was announced previous to the date of the contract, and by the contract the bearer was entitled to all the dividends declared " during the time," that is, during " six months from date " of contract. Now, I am of the opinion that the plaintiff would not be permitted on the trial to prove the alleged custom, for the reason that effect could not be given to the custom without making a new contract between the parties. " Six months from date," cannot by proof of any custom, be extended or explained to mean or include " a day or two before date." Independent of this, it is very clear that the complaint does not state any cause of action.

The defendant does not, by the contract, agree to pay the bearer any dividend or dividends, or to collect or receive such dividend or dividends for the bearer. The contract simply declares that " the bearer is entitled to all the dividends," &c. There is not an allegation in the complaint going to show that there is any debt or duty on the part of the defendant relative to the dividend claimed. It is not alleged that he has received it, or in any way interfered with the plaintiff's right to it, as the transferee of the stock. The inference from the complaint, and from the contract set forth in it is, that whatever right the plaintiff has to the dividend, he has and was to have, as the trans-

feree of the stock, and as incident of or to the stock. The complaint alleges that the defendant "has never paid or accounted for the said dividend, but is still justly indebted to the plaintiff therefor;" but the difficulty with the complaint is, that it does not state facts to show that the defendant is under a legal obligation or duty to pay or account for the dividend, or that he is indebted to the plaintiff therefor.

The defendant must have judgment on the demurrer, with costs.

————◆◆————

## SUPREME COURT.