## DE CORDOVA v. BARNUM.

(*Supreme Court, General Term, First Department.* March 14, 1890.)

STOCK-BROKERS—COLLATERALS TO SECURE LOSSES—PLEDGE.

Where collaterals are deposited with a broker to secure the result of a sale and purchase of stock, he holds the collaterals as a pledge, and is not bound, in the absence of an agreement, to sell or return them before bringing suit to recover the loss resulting from the transaction.

Appeal from circuit court, New York county.

Action by Alfred de Cordova against Stephen C. Barnum. Judgment was entered on a verdict for plaintiff, and defendant appeals.

Argued before VAN BRUNT, P. J., and BRADY and DANIELS, JJ.

*Stephen S. Marshall*, (*William Romer*, of counsel,) for appellant. *Shearman & Sterling*, (*T. G. Shearman*, of counsel,) for respondent.

BRADY, J. The plaintiff is a stock-broker, and the action was brought to recover a balance of account representing losses upon the purchase and sale of stocks made by the plaintiff at the defendant's request. The answer contained a general denial, and pleaded payment, and for a further defense, alleged that 14 shares of stock of the Arms Palace & Horse Car Company were deposited with the plaintiff as collateral security for the result of any transactions, and upon the understanding and agreement that if any sum should become and remain due to the plaintiff the latter should sell the collaterals, upon notice to the defendant, before proceeding to collect the amount due. And it

was averred, as a counter-claim, that the 14 shares were converted by the plaintiff to his own use, to the defendant's damage. It is conceded that the plaintiff held the 14 shares of stock mentioned, and was in possession of them at the time of the trial; and it is objected thereupon that the plaintiff, without attempting to realize upon these collaterals by selling them for the market price, and crediting the defendant with the proceeds, according to the custom in vogue among stockbrokers, and without offering to return the collaterals, brought this action.

Whether the plaintiff was bound to sell or return the collaterals is really the only question upon this appeal. In the absence of any contract to sell the collaterals, or to return them before suit brought, there was no such obligation; the relation of the parties being that of pledgeor and pledgee. When that is the case, the pledgee can enforce the payment of the debt, without returning, or offering to return, the pledge. Jones, Pledges, §§ 590–592; *Butterworth* v. *Kennedy*, 5 Bosw. 143. The evidence to prove the custom suggested was therefore objectionable, and properly excluded, for the reason that it was an attempt to vary the legal relations existing between the parties. *Wheeler* v. *Newbould*, 16 N. Y. 392; *Markham* v. *Jaudon*, 41 N. Y. 235; *Lawrence* v. *Maxwell*, 53 N. Y. 19. It follows from these views that the offer to show the value of the collateral securities, the plaintiff being under no obligation to return them, was wholly immaterial, and therefore properly excluded. The duty imposed upon the defendant, if he desired to avail himself of the superior value of the collaterals, was to pay the debt, and release the pledge, which, if his assertions were true, there would be no difficulty in accomplishing. For these reasons the judgment should be affirmed.