(57 App. Div. 236.)

### RICH v. WRIGHT.

(Supreme Court, Appellate Division, Third Department. January 9, 1901.)

1. SALES—PLEADING AND PROOF—VARIANCE.
     Plaintiff sued defendant individually for goods sold, and proved a partnership between defendant and a third person, and a sale and delivery to such third person. *Held*, that the admission of such evidence was error.

2. SAME—ANSWER—NONJOINDER OF PARTNER—WAIVER.
     Defendant did not waive the right to require that a judgment on a partnership liability should go against both partners by failing to plead the nonjoinder of S.

Appeal from special term, Tompkins county.

Action by Benjamin Rich against Charles J. Wright. From a judgment in favor of plaintiff, and from an order denying a new trial, defendant appeals. Reversed.

Argued before PARKER, P. J., and KELLOGG, EDWARDS, MERWIN, and SMITH, JJ.

Bradford Almy, for appellant.
M. N. Tompkins, for respondent.

PARKER, P. J. Upon the trial the plaintiff based his cause of action upon three facts, and gave evidence tending to establish them, viz.: That the defendant was a co-partner with one Stolbrand in the business of conducting the Cayuga Military Academy, in Aurora, N. Y.; that the goods for which he seeks to recover were sold and delivered to the firm of C. Wright & Co., composed of such co-partners, and upon the order of said Stolbrand; and that such goods were clothing and other articles purchased for the use of the students in such academy. The jury were instructed that, if such were the facts, the defendant was liable in this action for the whole balance unpaid, and they rendered a verdict against him for that amount. Not one of those facts is averred in the complaint. It is there claimed that the goods were sold and delivered to the defendant upon his individual

.order, and the right to recover is therein based upon his personal as-.sumpsit to pay for them. Evidently such a complaint did not allege, nor even suggest, the state of facts upon which the plaintiff has been allowed to recover. When evidence to prove such facts was .offered, the defendant objected to its introduction, on the ground that it was not admissible under the complaint. Such objection was over-.ruled, and an exception taken. Clearly, such exception is well taken. No issue to which such evidence was relevant was tendered by the complaint nor made by the pleadings. The defendant's defense is that he never purchased the goods in question, and he went to trial prepared to meet the issue which the complaint tendered. There is no averment in the complaint that the goods were used at the .academy; nothing to suggest that he was to be held liable as a co-.partner. On the contrary, such a suggestion is repelled by the fact that no one is joined with him as a defendant.

Even though it be conceded that such variance was not such as precluded an amendment of the complaint, yet the exception was well taken. No amendment was asked for, and therefore the case stands .as one in which the defendant has been defeated by evidence, the admission of which he had no reason to anticipate, and no opportunity to prepare for and defend against. Romeyn v. Sickles, 108 N. Y. 650, 652, 15 N. E. 698.

Such ruling has also produced the further error of permitting a judgment based upon a co-partnership liability to be entered against one partner only. Clearly, the debt proven was a joint one against the defendant and Stolbrand, his partner. It is claimed that the defendant waived his right to require that judgment go against them both because he did not plead in his answer the nonjoinder of Stolbrand. Upon what theory was he required to guess that upon the .trial the plaintiff would hold him liable because of a co-partnership with Stolbrand or with any one else? He was required to plead to the complaint merely, and to meet only the cause of action therein set forth. Day v. Town of New Lots, 107 N. Y. 154, 13 N. E. 915. Had the evidence objected to been excluded, and the plaintiff been allowed to amend his complaint so as to make it admissible, then the .defendant would have had an opportunity to amend his answer so as to plead the nonjoinder of Stolbrand, and thus have secured a right which, if he was liable as a co-partner, was clearly his, to wit, that .judgment should go against Stolbrand as well as himself. The admission of such evidence was error, and has worked a clear injustice against the defendant.

The judgment, therefore, and the order denying a new trial, should be reversed, and a new trial granted, costs to abide the event. All .concur, except SMITH, J., not voting.