(119 App. Div. 777)

### BROWN v. WOLFE.

(Supreme Court, Appellate Division, Third Department. May 8, 1907.)

PLEADING—VARIANCE—CHARACTER OF LIABILITY.

Where plaintiff alleged defendant's individual indebtedness, and not a joint and several liability, she could not recover upon an indebtedness created by an association of which defendant was a member.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 39, Pleading, § 1333.]

Appeal from Trial Term, Greene County.

Action by Phebe B. Brown against Henry J. Wolfe. From a judgment for plaintiff, defendant appeals. Reversed, and new trial granted.

The complaint is in form for two causes of action in substance as follows: First, that one Hiram Brown sold and delivered to the defendant, at the latter's request, certain lumber and building materials, worth the sum of $67.93, which sum the defendant promised and agreed to pay, but that no part thereof has been paid; second, after repeating the facts stated for a first cause of action, that said Hiram Brown entered into an agreement with the defendant to build for him a barn, and to furnish the lumber and material therefor, at an agreed price of $255, and that said Hiram Brown did build said barn and furnish the material therefor, all of which was worth said sum of $255, no part of which has been paid, except the sum of $201.16. The plaintiff further alleged the death of Brown, leaving a last will and testament, and the appointment of executors, who duly qualified, and assigned the causes of action alleged to one Baker, who in turn assigned the same to the plaintiff. The defense was a denial of the alleged sale and delivery, and of the contract for the building of the barn, and the furnishing of materials therefor. The court directed a verdict for the plaintiff for the amount claimed, $121.77; and from the judgment entered thereon the defendant has appealed.

Argued before SMITH, P. J., and CHESTER, KELLOGG, COCHRANE, and SEWELL, JJ.

F. H. Osborn, for appellant.
Alberti Baker, for respondent.

CHESTER, J. There is a complete failure of proof that the defendant purchased the building materials in question from Brown, and there was no evidence that he ever entered into any agreement with Brown for the erection of a barn or the furnishing of materials

therefor.  On the trial the court allowed the plaintiff to show, under objections and exceptions, that the barn in question was erected upon the ground of the Coxsackie Driving Park Association, which was an unincorporated association of seven or more members, and that the defendant at the time of such erection was a member thereof, and also that the material mentioned in the complaint was furnished for such barn.   There was an attempt to show that these materials were ordered by the defendant, but in that respect there was a failure of proof.   There was evidence that at the time of the service of the summons upon the defendant the latter was shown a statement of the account containing the items of the materials furnished for the erection of the barn in question upon the grounds of the association, and that defendant said that the claim was all right, but that the claim was not against him; that there were several members of the association, and that he was only one of them; that he would pay the claim if he had to, but that he would not if he did not have to; that he did not think he should pay any more than his proportionate share of it; and that the lumber was purchased of Brown and used for the association.   It was also shown that the defendant said to the plaintiff that the association owed the bill, and that the plaintiff ought to have her pay, but that he did not feel that he ought to pay it alone.   The assignments of the causes of action in question to the plaintiff showed no claim or account against the defendant, but did show an account against the association for an amount somewhat in excess of the amount sued for.   These were received in evidence against the defendant's objection and exception, and upon a like objection and exception the plaintiff was allowed to testify that the claim against the association mentioned in the assignments was the same claim set forth in the complaint.

The defendant's counsel, at the close of plaintiff's proof, moved to strike out all the evidence relating to an indebtedness of the association on the ground that the same was incompetent and inadmissible under the complaint.   The motion was denied, and the defendant excepted.   The defendant's counsel then moved for a nonsuit on the grounds that the evidence fails to establish either of the causes of action alleged in the complaint, and that the defendant cannot be made liable in this action as a member of the association, for the reason that no allegation of indebtedness by said association, nor of liability on the part of the defendant as a member thereof, appears by the complaint, and the defendant has had no opportunity to traverse any such allegations, which are essential to a cause of action against him as a member thereof.   The motion was denied, and the defendant excepted. The court thereupon directed a verdict for the plaintiff for the amount claimed in the complaint, and the defendant excepted.

It thus appears that the plaintiff has been allowed to recover for a cause of action not pleaded, upon evidence duly objected to as not within the issues and tending to show a cause of action outside of the issues.   The admission of this evidence and the direction of a verdict based thereon were errors requiring a reversal (Rich v. Wright, 57 App. Div. 236, 68 N. Y. Supp. 122; Southwick v. First National Bank, 84 N. Y. 420; Romeyn v. Sickles, 108 N. Y. 650, 15 N. E.

698), for a party under our system of pleading cannot be allowed to allege one cause of action and recover upon another, unless the parties have, by not objecting or otherwise, consented to try questions outside the issues. The complaint here alleges an indebtedness of the defendant alone, and not a joint and several liability on his part, and there is nothing therein to indicate that the plaintiff would seek to recover upon an indebtedness created by an association of which the defendant was a member. The issue presented by the defendant's denial of the facts stated in the complaint was the only one presented for trial, and on that issue the proof of the plaintiff entirely failed, and her complaint should have been dismissed.

The judgment should be reversed, and a new trial granted, with costs to the appellant to abide the event. All concur.