---

(93 Misc. Rep. 516)

### H. E. LESAN ADVERTISING AGENCY v. PERKINS.

(Supreme Court, Appellate Term, First Department. February 15, 1916.)

1. MONEY PAID ☞1—ACTIONS—RECOVERY.
     In an action for moneys expended for defendant, proof that defendant and other members of the executive committee of a political party held a meeting for the purpose of planning an advertising campaign, that defendant as chairman of the committee approved a plan for advertising by plaintiff, and that in pursuance of such plan plaintiff expended money, does not show a personal liability on the part of defendant.
     [Ed. Note.—For other cases, see Money Paid, Cent. Dig. §§ 1–16; Dec. Dig. ☞1.]

2. PRINCIPAL AND AGENT ☞136—LIABILITY OF AGENT.
     That defendant was agent for a political party is not inconsistent with personal liability, if he contracted in such form as to create such liability.
     [Ed. Note.—For other cases, see Principal and Agent, Cent. Dig. §§ 447–450, 476–491; Dec. Dig. ☞136.]

3. DISCOVERY ☞36—EXAMINATION BEFORE TRIAL—RIGHT TO.
     A party is entitled to an examination before trial only upon proof that the examination is material and necessary; therefore, where the affidavits

for examination of defendant did not show that the evidence sought would prove defendant's liability, an order for examination is properly refused.

[Ed. Note.—For other cases, see Discovery, Cent. Dig. § 49; Dec. Dig. 🗝36.]

Appeal from City Court of New York, Special Term.

Action by the H. E. Lesan Advertising Agency against George W. Perkins. From a judgment denying defendant's motion to vacate an order granting an examination of defendant before trial, defendant appeals. Order reversed, and motion to vacate granted.

Argued February term, 1916, before LEHMAN, WEEKS, and DELEHANTY, JJ.

Hawkins, Delafield & Longfellow, of New York City (Lewis L. Delafield, Jr., and Louis J. De Milhau, both of New York City, of counsel), for appellant.

Morris & Plante, of New York City (Guthrie B. Plante and Charles E. Mahony, both of New York City, of counsel), for respondent.

LEHMAN, J. The plaintiff sues upon an implied contract for moneys "laid out and expended for the defendant, and at his special instance and request." The answer is a general denial.

[1-3] The plaintiff obtained an order for the examination of the defendant before trial. The affidavit upon which the order was granted states that the defendant's testimony was "material and necessary," and then sets forth the facts upon which this conclusion is based. These facts are briefly that the defendant and other members of the national committee of the Progressive party held a meeting for the purpose of planning the advertising campaign of that party; that the defendant was chairman of the executive committee of the national committee, and had control of the advertising and of all expenditures for the same, and he approved of a plan for such advertising and authorized the meeting to make the arrangements necessary to carry such plan into execution; that the *meeting* thereupon requested the president of the plaintiff company to employ the plaintiff for such purpose; that in pursuance *of such employment* the plaintiff expended the moneys to recover which this action was brought; and that the defendant approved the material prepared by the plaintiff in the course of such employment, and authorized the expenditure by the plaintiff of necessary moneys to place such advertising in accordance with the material so approved by him. It will be seen from this statement that if the plaintiff proves these facts he will show that the moneys were expended, not for and at the request of the defendant, but for and at the request of an association of which the defendant is a member. Such evidence would manifestly not make out the cause of action alleged. Rich v. Wright, 57 App. Div. 236, 68 N. Y. Supp. 122; Brown v. Wolfe, 119 App. Div. 777, 104 N. Y. Supp. 573.

The defendant consequently moved to vacate the order, on the ground that such evidence would not be material. The plaintiff, however, contends that, inasmuch as the affidavit shows that defendant personally authorized the meeting to employ the plaintiff, approved the

plans, and authorized the expenditure, a personal undertaking to repay the moneys is not inconsistent with defendant's character as an agent, provided he contracted in such form as to make himself personally liable, and that the evidence which he seeks to elicit would be material as part of his case to prove the assumption by the defendant of a personal liability. These propositions of law are well established (Meyer v. Redmond, 205 N. Y. 478, 98 N. E. 906, 41 L. R. A. [N. S.] 675; De Remer v. Brown, 165 N. Y. 410, 59 N. E. 129), but they have no application upon this motion. A party is entitled to an order for examination only upon proof that the examination is material and necessary. The proof in this case is confined to facts showing clearly that the defendant was acting as agent of an association and disclosed his agency. There is not a scintilla of evidence that he bound himself personally, and consequently not a scintilla of evidence to show that the examination is material to the cause of action.

It follows that the order must be reversed, with $10 costs and disbursements, and the motion to vacate granted, with $10 costs, but without prejudice to the right of the plaintiff to renew upon proper affidavits. All concur.