THOMAS PORTER FORD and Another, Doing Business under the Firm Name and Style of FORD & ENOS, Respondents, *v.* CLINTON SNOOK, Appellant.

Fourth Department, May 2, 1923.

Corporations — action by brokers to recover amount of dividends on stock alleged to have been paid by them to purchaser — sale of corporate stock does not carry declared dividends though they are not then payable — sale was made on New York Stock Exchange by brokers acting for plaintiffs — defendant not bound by custom of exchange of which he had no knowledge — express contract cannot be changed by custom — plaintiffs failed to prove payment of dividends to purchaser.

In an action by brokers with whom corporate stock was left for sale at a specified price to recover the amount of dividends alleged to have been paid by them to the purchaser of the stock, it appeared that a dividend was declared prior to the sale but was not payable until after the sale was made; that the corporation by resolution provided that dividends should be payable to stockholders of record on a certain date which was subsequent to the date of the sale; and that the plaintiffs contended that it was a custom or usage of the New York Stock Exchange that where stock was sold by their representatives the dividends already declared went with the stock.

*Held,* that the general rule that a purchaser of corporate stock is not entitled to dividends already declared is applicable to the facts of this case, since the owner of stock who places it in the hands of brokers for sale at a stipulated price is not bound by a custom or usage of the New York Stock Exchange to the effect that dividends already declared go with the stock, unless it is shown that the owner had actual knowledge of the custom, or knowledge that may be implied from information that his agents would trade through the New York Stock Exchange, where they would be bound by its rules.

The evidence shows that the defendant did not authorize the plaintiffs to sell his stock with the dividends in accordance with such a custom and usage, or that he had any knowledge of the custom or that the brokers would sell the stock through the New York Stock Exchange, and, therefore, if the plaintiffs paid the purchaser the dividends which had been declared but not paid at the time of the sale, and which were subsequently received by the defendant, they are not entitled to recover the amount thereof from the defendant.

Furthermore, the plaintiffs cannot change the intrinsic character of an express contract between the parties by proof of any custom.

The plaintiffs did not sustain their allegations by proof that they actually paid the amount of the dividends to the purchaser of the stock.

APPEAL by the defendant, Clinton Snook, from a judgment of the Supreme Court in favor of the plaintiffs entered in the office of the clerk of the county of Onondaga on the 25th day of March, 1922, upon the verdict of a jury rendered by direction of the court.

*Wells, O'Brien & Ray* [*Charles A. Hitchcock* of counsel], for the appellant.

*Costello, Burden, Cooney & Walters* [*Edgar N. Wilson* and *Oliver D. Burden* of counsel], for the respondents.

DAVIS, J.:

The defendant in March, 1919, was the owner of fifty shares of the common stock of the Continental Can Company. Prior to March eighteenth he delivered his certificate with the transfer certificate indorsed in blank to the Syracuse Trust Company, with directions to sell the stock. Acting jointly with the trust company he selected the plaintiffs, who are stockbrokers having an office in Syracuse, to make the sale. The certificate was sent by the trust company to its correspondent bank in New York for delivery when the purchase price was paid.

It appears that about March tenth a quarterly dividend was declared, payable as of the first day of April to holders of stock shown by the books at the close of business on March twentieth. The sale was made by plaintiffs on March eighteenth at seventy-nine, and the amount received less the brokerage was placed to the credit of defendant on the books of the Syracuse Trust Company on that day. I think there is sufficient evidence so that we may say that the stock was listed on the New York Stock Exchange and these shares were there sold by the plaintiffs' correspondent brokers in New York. The stock was not transferred on the books until some time after March twentieth, and defendant received the dividend.

The plaintiffs have brought this action to recover the amount of the dividend, alleging in their complaint an express agreement that the dividend was to be sold with the stock; that they were to pay the purchaser the amount of the dividend and the defendant would pay over the dividend check to them, and that they did pay the purchaser. Defendant's answer denied these allegations. The proof as to the express agreement is conflicting and that of payment by plaintiffs to the purchaser is incomplete.

The plaintiffs, however, made proof that by a custom and usage of the New York Stock Exchange a dividend already declared goes with the stock until the date of closing the books, and a purchaser is entitled to the dividend payable in the future. A verdict for the plaintiffs for the amount of the dividend was directed by the trial court.

I think the direction of the verdict was error. Even if we assume that the evidence of usage was competent although not in conformity with the allegations of the complaint, the principles of law governing the transaction are well established.

The provision in a resolution declaring a dividend, relative to its being payable to stockholders of record on a certain day is intended to serve the convenience of the corporation and to protect it in paying to the persons who appear on its books, where it has no notice of transfer. It does not affect title to the dividend. (*Brisbane* v. *D., L. & W. R. R. Co.*, 94 N. Y. 204; 14 C. J. 754, 819.)

The declaration of a dividend creates no contractual relation between the corporation and the stockholder. Rather it creates a debt in favor of the latter against the corporation. (*Ehle* v. *Chittenango Bank*, 24 N. Y. 548; *Searles* v. *Gebbie*, 115 App. Div. 778, 780; affd., 190 N. Y. 533; *Cogswell* v. *Second National Bank*, 78 Conn. 75; affd., *sub nom. Jerome* v. *Cogswell*, 204 U. S. 1.)

When a dividend has been declared out of the earnings of a corporation, such dividend becomes the property of the owners of the shares of stock, no matter whether payable immediately or at a future time. (*Brundage* v. *Brundage*, 60 N. Y. 544; *Matter of Kernochan*, 104 id. 618; *Hopper* v. *Sage*, 112 id. 530; *Robertson* v. *DeBrulatour*, 188 id. 301; *Rowe* v. *White*, 112 App. Div. 688; affd., 189 N. Y. 523; *Hill* v. *Newichawanick Co.*, 8 Hun, 459; affd., 71 N. Y. 593; *Warner* v. *Watson & Gibson*, 4 Misc. Rep. 12.) Before a dividend is declared, the intangible right of the stockholder to share in the earnings of the corporation is a mere incident to the stock and passes with it on a sale. But when a dividend is declared it constitutes a property interest separate from the stock and forms no part of it, and on a sale does not pass as an incident to it. (*Wheeler* v. *Northwestern Sleigh Co.*, 39 Fed. Rep. 347.)

The defendant's right to the dividend is, therefore, clear. The plaintiffs, having moved for the direction of a verdict, which is in the nature of a demurrer to the evidence, concede as true the evidence of defendant and the inferences the jury would have been warranted in making. (*Kelly* v. *Dutch Church of Schenectady*, 2 Hill, 105; *Chism* v. *Smith*, 210 N. Y. 198, 202; 38 Cyc. 1565.) Therefore, we may assume defendant's contract with the plaintiffs to sell the stock was explicit; they were to sell at seventy-nine net, and nothing was said concerning the dividend. If the amount of the dividend is deducted from the price of the stock, it was not sold at seventy-nine net. Any sale including the dividend would be contrary to defendant's instructions, which plaintiffs were bound to obey.

The plaintiffs rely upon the custom and usage proved to vary

the terms of the express contract.    The general rule is that where a customer gives an order to a broker to be executed on a board of trade or exchange, he contemplates conformity to the rules and customs that prevail there (*Wilhite* v. *Houston*, 200 Fed. Rep. 390); and if he knows that the broker is a member of a particular exchange and is bound by its rules adopted to facilitate business, he may be bound by the rules although not fully informed concerning them.    (*Springs* v. *James*, 137 App. Div. 110; affd., 202 N. Y. 603.)

But there is no direct evidence in this case that the defendant knew plaintiffs were members of any particular exchange or that the sale was to be made in any particular market.    A custom or usage to be available against a party must be so notorious as to affect him with knowledge of it and raise the presumption that he dealt with reference to it; or he must be shown to have actual knowledge.    The fact that a person is engaged in trading through brokers is not sufficient of itself to affect him with knowledge of a peculiar custom.    (*Blake* v. *Stump*, 73 Md. 160.)    Where a principal does not know of a rule or custom of an exchange or that the broker is a member of any exchange, he is not bound by a rule or custom that the broker invokes for his protection when he has departed from the express instructions given.    (*Newman* v. *Lee*, 87 App. Div. 116.)    Customs and usages which vary or contradict the contract entered into, or change the legal relations of the parties, or which are contrary to law, are of no effect and will not be allowed to control the broker's express instructions.    (*Allen* v. *Dykers*, 3 Hill, 593; affd., 7 id. 497; *Wheeler* v. *Newbould*, 16 N. Y. 392; *Markham* v. *Jaudon*, 41 id. 235, 245; *Lawrence* v. *Maxwell*, 53 id. 19; *Baker* v. *Drake*, 66 id. 518; *DeCordova* v. *Barnum*, 9 N. Y. Supp. 237; affd., 130 N. Y. 615; *Taylor* v. *Ketchum*, 35 How. Pr. 289; *Douglas* v. *Carpenter*, 17 App. Div. 329.)    Therefore, unless the defendant had actual knowledge of the custom or the knowledge that may be implied from information that his agent would trade in a certain market where he would be bound by its rules, defendant was not bound by a custom which works a substantial and material change in his rights.    (*Irwin* v. *Williar*, 110 U. S. 499.)

I reach the conclusion that the defendant did not clothe the plaintiffs with authority to sell his stock with the " dividend on " in accordance with a custom and usage of which, so far as it appears, he had no knowledge.    The plaintiffs have sought to change by proof of such custom the intrinsic character of the original contract between the parties.    This may not be done.    (*Wheeler* v. *Northwestern Sleigh Co., supra; Hopper* v. *Sage, supra; Lombardo* v. *Case*, 45 Barb. 95.)

Furthermore, the right of the plaintiffs to maintain this action is doubtful, although this question was not raised with certainty on the trial. The dividend, if it did not belong to the defendant, belongs to the purchaser. The plaintiffs allege no assignment to them of the purchaser's claim. If they had been authorized to sell the dividend with the stock, by paying it as a necessary disbursement in transacting the business, acting as defendant's agents and not as volunteers, they may have been entitled to repayment as equitable owners or by subrogation. (*Zimmermann* v. *Weber*, 135 App. Div. 428.) The difficulty is that proof of payment is incomplete. There is slight evidence, purely hearsay, that the correspondent brokers in New York paid it and charged it to the account of plaintiffs. Evidence, though not competent, received without objection may be relied upon to establish a fact in controversy. (*Flora* v. *Carbean*, 38 N. Y. 111; *Crane* v. *Powell*, 139 id. 379.) But this evidence has little, if any, probative effect. (*Woolley* v. *Stewart*, 222 N. Y. 347, 352.) There is other evidence on the part of the plaintiffs that the dividend belongs not to themselves but to their correspondents. They failed to establish the cause of action they pleaded and were not entitled to the direction of a verdict. (*Tracy* v. *Ames*, 4 Lans. 500; *Brown* v. *Wolfe*, 119 App. Div. 777.)

The judgment should be reversed and a new trial ordered, with costs to the appellant to abide the event.

All concur.

Judgment reversed upon the law and new trial granted, with costs to appellant to abide event.