The Central New Jersey Land and Improvement Company, chartered in 1867 by special act of the legislature, was dissolved by voluntary action of the stockholders in 1924. The directors entered upon their duties as trustees in dissolution and continued therein until 1931, when, upon their petition, they were discharged by this court and the Hudson Trust Company was appointed receiver to complete the distribution of the assets. The receiver has now filed its final account and asks the direction of the court touching the distribution of the fund in its possession. Two questions are raised. *Page 333 
During the corporation's long history, stockholders failed to present for payment a considerable number of dividend checks. The company always reserved a sum sufficient to pay these in the event they should be presented and so did the trustees in dissolution. This sum was turned over to the receiver. The question is whether it is part of the general assets for distribution among the stockholders. When a dividend is declared, it becomes a debt due from the corporation to the individual stockholders. The money held to answer the dividend is not a trust fund but a part of the general corporate assets. King v.Paterson, c., Railroad Co., 29 N.J. Law 504. Therefore the stockholders who failed to collect their dividends are not equitable owners of a specific fund, but are creditors, standing in the same position as other creditors. An order limiting creditors has been made in this proceeding and duly advertised. Stockholders who have presented claims of this character have been paid and those who have failed to do so, have been barred. The balance of the sum reserved for old dividends is a part of the general assets and should be distributed among the stockholders pro rata their stockholdings.
On May 1st, 1924, the directors, as trustees in dissolution, made a distribution, or liquidating dividend, of $3 a share. Again, a number of stockholders failed to collect their proportionate share of this distribution and the money so uncollected came into possession of the receiver. The question is, what disposition shall be made of it? Sections 53 to 60 of the Corporation act (Comp. Stat. p. 1634), relating to dissolution, are a part of one general plan for winding up the corporation's affairs. Section 58, which directs that any balance remaining after the payment of debts and expenses shall be distributed among the stockholders, applies equally whether distribution is made by the directors as trustees or by a receiver appointed by the court. Camden Mortgage Guaranty andTitle Co. v. Haines, 110 N.J. Eq. 461. "The fact that this corporation is being wound up by its officers and not under the direction of the court, does not alter the rights of the parties nor change the method of distribution." *Page 334 McGregor v. Home Insurance Co., 33 N.J. Eq. 181; Putnam v.Slayback, 23 Fed. Rep. 2d 406. Upon dissolution of a corporation, the assets become a trust fund and the title of the stockholder becomes an equitable right to a distributive share therein. When distribution is decreed by this court, the general right of a stockholder to share in the assets merges in the decree, which is a judgment in favor of the stockholder for the amount due on his certificate. A certain fixed sum is then held in special and direct trust for each stockholder. Bijur v.Standard Distilling and Distributing Co., 74 N.J. Eq. 546;affirmed, 78 N.J. Eq. 582. I think that the action of the trustees in dissolution, whereby they set off to each shareholder $3 per share, had the same effect on the stockholders' rights as a decree of distribution. The trustees thereby entered into a special relationship of trust with each of the stockholders in respect to the sum so allocated. The receiver is merely a substituted trustee and holds title subject to the same trust. The stockholders, in respect to that distribution, are not mere creditors; the money set apart for them belongs to them severally in equity and is not available for general distribution among the whole class of stockholders.
The receiver will be directed to file a supplemental report naming the stockholders who have not collected their share in the assets distributed in 1924, together with the amount allocated to each. The receiver will then be directed to pay this sum into court and to make distribution of the balance among the stockholders. *Page 335