CHANNING K. JAQUES and JOHN M. STODDARD, Surviving Executors of the Estate of THOMAS L. JAQUES, Deceased, Respondents, *v.* WHITE KNOB COPPER & DEVELOPMENT Co., LTD., Appellant.

First Department, November 22, 1940.

*Gerard C. Smith* of counsel [*Henry M. Hogan*, attorney], for the appellant.

*George W. Israel* of counsel [*Herman Goldberg*, attorney], for the respondents.

CoHN, J.  The question involved is whether the Statute of Limitations bars recovery by a stockholder for dividends declared by a corporation upon his stock where the stockholder has made no attempt to obtain payment until after a lapse of sixteen years.

The action was brought to recover the amount of unpaid dividends on one hundred shares of the preferred stock of defendant corporation together with interest.  Defendant in its answer affirmatively pleaded the Statute of Limitations.  There is no dispute as to the facts.  In lieu of testimony the cause was submitted to the trial court upon an agreed statement of facts.

During the period from 1906 up to 1938, one H. C. Lloyd was the owner of record of one hundred shares of preferred stock of defendant corporation.  The stock certificate was discovered among papers belonging to decedent's father, who had died in 1913.  In that year the certificate was turned over to decedent Thomas L. Jaques.  Jaques retained it in his vault for eighteen years, and up to the time of his death in 1931.  The certificate was never presented to defendant for transfer until April 22, 1938.  This was the first notice to defendant that the stock had been transferred out of the name of H. C. Lloyd.  At various times between November 25, 1914, and September 1, 1922, dividends had been declared on this stock by defendant.  Up to and including April 22, 1938, these dividends had not been paid by defendant to H. C. Lloyd because he could not be found at his address appearing on the books of the corporation, nor could he be located at any other place.

The stipulated facts also recite:

" 10. That defendant corporation, upon the declaration of said dividends, did not segregate funds in an amount equivalent to said dividends nor did it set up a separate fund in an amount equivalent to said dividends for the payment of said dividends.  Said corporation merely made an entry on its books of the total amount of each said dividend.  On December 31, 1931, the amount allocated to the bookkeeping reserve for unpaid dividends for this period was allocated to surplus."

The relationship between a corporation and a stockholder with respect to the latter's share of a dividend declared by the corporation is that of debtor and creditor.  At any time after the date fixed for the payment of each dividend, a holder of stock may maintain an action at law to recover the sum due.  (*Ehle* v. *Chittenango Bank*, 24 N. Y. 548; *Ford* v. *Snook*, 205 App. Div. 194; affd., 240 N. Y. 624; *Searles* v. *Gebbie*, 115 App. Div. 778, 780; affd., 190 N. Y. 533; *Matter of Central N. J. Land & Improvement Co.*, 113 N. J. Eq. 332, 333; 166 A. 705; 2 Cook on Corporations [8th ed.], § 542; 7 Thompson on Corporations [3d ed.], § 5308.)  The Statute of

Limitations, however, commences to run against such an action from the time the dividend is payable. (Civ. Prac. Act, § 15; 11 Fletcher Cyclopedia Corporations, p. 914, § 5370; *Matter of Severn and Wye, etc.*, 1 Ch. [1896] 559.)

Section 15 of the Civil Practice Act, so far as it applies to the facts in this case, specifically provides: " Where a right exists, but a demand is necessary to entitle a person to maintain an action, the time within which the action must be commenced must be computed from the time when the right to make the demand is complete * * *." The right to make the demand here was complete when each dividend became payable. (See *Glover* v. *National Bank of Commerce*, 156 App. Div. 247, 253; 168 id. 903; affd., 219 N. Y. 618.)

Plaintiffs' argument that upon the declaration of each dividend defendant became the trustee of an express trust and, therefore, a demand for payment was necessary before the Statute of Limitations began to run, is without merit. Defendant did not specifically appropriate and set up from its other assets a fund out of which any of the dividends were to be paid nor did it perform any other act so as to constitute it a trustee or prevent the Statute of Limitations from running in its favor. The mere entry by the corporation on its books of the total amount of each dividend did not put the defendant in the position of a trustee.

The statute which governs in this case is subdivision 1 of section 48 of the Civil Practice Act. It provides for a limitation of six years after the cause of action has accrued within which the action must be commenced. As all of the dividends involved here were payable more than sixteen years before the present claim was made, the action is barred.

The determination of the Appellate Term and the judgment of the Municipal Court should, accordingly, be reversed and the complaint dismissed, with costs to the appellant in all courts.

MARTIN, P. J., TOWNLEY, UNTERMYER and CALLAHAN, JJ., concur.

Determination of the Appellate Term and judgment of the Municipal Court unanimously reversed and the complaint dismissed, with costs to the appellant in all courts.