ESTATE OF MERRITT J. CORBETT, DECEASED, ALICE F. MITCHELL, EXECUTRIX, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 11539. Promulgated February 9, 1949.

*Carter T. Louthan, Esq.*, for the petitioner.
*William A. Schmitt, Esq.*, for the respondent.

166

OPINION.

HARRON, *Judge*: Petitioner has agreed at all times that there should be included in the gross estate the value of the remainder interest in the trust which was created on December 8, 1927, because the decedent retained the power to change the beneficiaries and the amount of income to be paid to them, except with respect to the then Alice F. Corbett, and to modify the provisions of the trust.

The first question raised by the pleadings is whether the value of the life estate of Alice F. Corbett Mitchell is includible in the gross estate, as respondent has determined, under section 811 (c) as a transfer intended to take effect at or after death.

Respondent has abandoned an original contention that the entire value of the trust is includible in the gross estate as a transfer made in contemplation of death.

The decedent provided in the trust that trust income should be paid to his then wife, Alice F. Corbett, during his life upon the condition that she remain his wife; and after his death, upon the condition that she was his wife at the time of his death. The dispute between the parties arises because of this condition in the trust agreement. Petitioner contends that the decedent had no power to bring about the ending of the interest of his wife in the trust under an exclusive discretion of his own, and that the condition upon which her interest depended was not one which the death of the decedent affected. Petitioner cites

*Reinecke* v. *Northern Trust Co.*, 278 U. S. 339, and *Bryant* v. *Helvering*, 309 U. S. 106.

Respondent contends that the life estate of the wife in the trust could not become absolute until the death of the grantor of the trust, the decedent; that until the grantor's death the interest of the wife was contingent and defeasible, and became an indefeasible life estate only upon his death; and that, because of the condition imposed by the grantor, there was not a completed gift *in praesenti* of a life estate in the trust to the wife at any time before the grantor's death, either when the trust was created in 1927, or when it was amended from time to time thereafter. In brief, respondent contends that the wife did not, until the moment of the decedent's death, have a complete and unqualified life estate because as long as the decedent lived there was the contingency that the two might become separated by divorce.

The question presented in this proceeding closely resembles the question in *Klein* v. *United States*, 283 U. S. 231. There a husband conveyed two parcels of real estate to his wife by a deed which provided that:

Upon the condition and in the event that the said grantee [the wife] shall survive the said grantor, then and in that case only the said grantee shall by virtue of this conveyance take, have, and hold the said lands in fee simple, unto the sole use of herself, her heirs, and assigns forever.

The Supreme Court said, in the *Klein* case:

Nothing is to be gained by multiplying words in respect of the various niceties of the art of conveyancing or the law of contingent and vested remainders. It is perfectly plain that the death of the grantor was the indispensable and intended event which brought the larger estate into being for the grantee and effected its transmission from the dead to the living, thus satisfying the terms of the taxing act and justifying the tax imposed.

In this proceeding, the decedent imposed a condition to the wife's obtaining the right to receive income from the trust for the duration of her life. The condition was to be maintenance of the martial status, of the then wife of the grantor of the trust as *his wife*, which status had to be maintained until the death of the grantor. That is to say, the wife had to *survive*, so to speak, *as the grantor's wife* until death did part him from her. Upon the condition and in the event that she was the grantor's wife on the date of his demise, and in that case only, did she become absolutely entitled to receive the prescribed amount of trust income for the period of her life. Her life estate was in suspense until the grantor's death brought an end to the conditional period and, accordingly, his death was the event which brought the wife's life estate into being.

In *Helvering* v. *Hallock*, 309 U. S. 106, the Supreme Court rejected

the rationale of *Helvering* v. *St. Louis Trust Co.*, 296 U. S. 39, where the majority had found a fine distinction in regarding death as ending a "mere possibility" of a reverter.   Petitioner in this proceeding argues, in effect, that the death of the grantor simply put an end to what was a mere possibility, i. e., a divorce of the spouses; or, that she had acquired, by virtue of the inter vivos transfer, a life interest subject only to a "condition subsequent," a divorce.   But the *Hallock* case rejected the view that distinctions in forms of transfers can serve as avenues of escape from the force of the estate tax statute's provisions in section 811 (c) and the corresponding earlier provisions which sweep into the gross estate those interests which are freed from contingencies by the donor's death.   This principle of the *Hallock* case was restated in *Fidelity-Philadelphia Trust Co.* (*Stinson's Estate*) v. *Rothensies*, 324 U. S. 108, as follows:

> The taxable gross estate, in other words, must include those property interests the ultimate possession or enjoyment of which is held in suspense until the moment of the grantor's death or thereafter.

See also *Commissioner* v. *Field's Estate*, 324 U. S. 113.

In the instant trust, in the event that the grantor's wife should cease to be his wife prior to his death, all of the trust income was to be paid to the grantor for as long as he lived, provided that his daughter should be living when the petitioner ceased to be his wife; or, if the daughter should die during the life of the grantor, the trust was to terminate, and the principal was to be paid to the grantor.[1]   In *Commissioner* v. *Estate of Church*, 335 U. S. 632, the Supreme Court reversed *May* v. *Heiner*, 281 U. S. 238, and held that an instrument which preserves to the grantor the "beneficial use of one's property during life" and provides for its distribution at death is testamentary in character and comes within the broad scope of the "possession and enjoyment" clause of section 811 (c).   The arrangement adopted by the decedent in his inter vivos trust of directing the trustee to pay monthly income to his wife during his life for as long as she remained his wife, with a reservation of all of the income to

---

[1] The first paragraph of the trust provided, in part, as follows:

"Upon the death of the Settlor's wife, or if she shall cease to be his wife, upon the happening of that event, the trust estate shall be disposed of as follows:

"If the Settlor's daughter shall be living, upon the happening of that event, the Trustee shall hold and administer the trust estate during her life, shall collect the profits and income and pay the net income to the Settlor as long as he shall live, unless the trust shall sooner terminate by reason of the death of the Settlor's daughter.   If the Settlor's daughter shall not be living upon the death of the Settlor's wife or upon her ceasing to be his wife, or if she shall be then living but shall die during the life of the Settlor, then upon the death of the Settlor's wife, or upon her ceasing to be his wife, or upon the death of the Settlor's daughter, as the case may be, the net principal of the trust estate shall be paid to the Settlor and the trust shall terminate."

himself for life if she ceased to be his wife, was, in reality, a means of preserving the beneficial use of the income to himself for life. The very condition of the payments of trust income to the wife during the life of the grantor involved a retention of beneficial use of such income by the grantor, under the rationale of *Commissioner* v. *Estate of Church*. There was a *quid pro quo*. But, leaving aside the provisions for the use of the trust income during the grantor's life, the petitioner can not possibly escape the provision which made the contingency a continuing one which only the grantor's death brought to an end. Whatever doubt has existed heretofore about the breadth of the rule of the *Hallock* case has been removed by the further statement in *Commissioner* v. *Estate of Church*, that:

> *Hallock* thereby returned to the interpretation of the "possession and enjoyment" section under which an estate tax cannot be avoided by any transfer except by a bona fide transfer in which the settlor, absolutely, unequivocally, irrevocably, and without possible reservations, parts with all his title and all of his possession and all of his enjoyment of the transferred property. After such a transfer has been made, the settlor must be left with no present legal title in the property, no possible reversionary interest in that title, and no right to possess or to enjoy the property then or thereafter. In other words such a transfer must be immediate and out and out, and must be unaffected by whether the grantor lives or dies.

And in *Estate of Spiegel* v. *Commissioner*, 335 U. S. 701, decided the same day, the Supreme Court added to the above statement as follows:

> We add to that statement, if it can be conceived of as an addition, that it is immaterial whether such a present or future interest, absolute or contingent, remains in the grantor because he deliberately reserves it or because, without considering the consequences, he conveys away less than all of his property ownership and attributes, present or prospective. In either event the settlor has not parted with all of his presently existing or future contingent interests in the property transferred. He has therefore not made that "complete" kind of trust transfer that § 811 (c) commands as a prerequisite to a showing that he has certainly and irrevocably parted with his "possession or enjoyment."

We must reject petitioner's contention, and sustain the respondent's determination that the transfer of a life estate in the trust to the wife was a transfer intended to take effect in possession and enjoyment at or after the decedent's death within the meaning of section 811 (c).

The remaining question follows upon the conclusion that the value of the life estate in the trust is includible in the gross estate, and it is whether the value of the life estate shall be computed upon the basis of including $634.35 of dividends which were declared prior to the date of the decedent's death but which were not payable until afterward. The value of the right of the widow, a woman of about 46 years of age at the date of the decedent's death, to receive monthly payments of a certain amount annually for life, is to be computed in accordance with

Table A in section 81.10 (i) of Regulations 105. The dividends in question on stock owned by the trust were dividends which, when received by the trust, would become part of the monthly trust income which would be distributable to the beneficiary.

Until the trustee received the dividends in question, they were not distributable income of the trust, and until they were part of the distributable income of the trust the beneficiary had no claim against the trust for distribution thereof to her, and, therefore, had no command over the income which the dividends in question represented. The dividends did not become payable to the trustee by the corporations which had declared them until after the date of decedent's death, and, accordingly, until after that date they did not become part of the monthly income of the trust which was distributable to the beneficiary. It is the life estate which the death of the decedent brings into possession and enjoyment which is to be valued. Clearly, that which becomes distributable to the beneficiary from the trust income after the date of death is the interest which is to be valued under the provisions of section 81.10 (i) of the applicable regulation, and it follows that the $634.35 of dividends must be taken into account. This is in accord with section 81.13 of Regulations 105 (approved February 18, 1922), which provides, in part, as follows:

Interest and rents accrued at the date of the decedent's death and dividends declared to stockholders of record on or before the date of the decedent's death and not collected at such date constitute part of the gross estate.

See also *Commissioner* v. *American Light & Traction Co.*, 156 Fed. (2d) 398, and *William K. Vanderbilt et al., Executors*, 11 B. T. A. 291.

As for the trust itself which owned the stock, as distinguished from the trust beneficiary, the declarations by corporations of dividends prior to the date of the decedent's death created a debt owing from the corporations to the trust at the date of decedent's death. See *Helvering* v. *McGlue's Estate*, 119 Fed. (2d) 167, 171, in which the court stated the rule in the State of New York as set forth in *Ford* v. *Snook*, 205 App. Div. 194; 199 N. Y. S. 632, to be that the declaration creates a debt in favor of the stockholder against the corporation. The claim of the trustee for the declared dividends constituted an asset of the trust at the date of the decedent's death, and must be taken into account in valuing the life estate.

For the above reasons, respondent's determination of the value of the life estate, which takes into account the dividends in question, is sustained. The value of the principal of the trust at the date of death was $208,519.91, and the value of the life estate was $113,347.97.

*Decision will be entered under Rule 50.*