GEORGE BRISBANE, Appellant, *v.* THE DELAWARE, LACKAWANNA AND WESTERN RAILROAD COMPANY, Respondent.

B. held a certificate of ten shares of the stock of a corporation; by the terms thereof the shares were transferable upon the books of the company only on production of the certificate; B. assigned and transferred the certificate to plaintiff, but no transfer was made on the company's books; after the death of B. defendant, with whom said corporation had been consolidated, without knowledge of such transfer and on representation that the certificate was lost, transferred the stock on its books to B.'s administrator, and issued to him a certificate therefor, upon his executing and delivering to it a bond of indemnity; it also paid to him certain dividends which had been declared upon the stock.   In an action to compel a transfer to plaintiff of the stock, and payment of the dividends, *held*, that plaintiff was entitled to a certificate for the ten shares, as the transfer to the administrator was unauthorized; but that defendant was not liable for the dividends, as until notice or knowledge of a transfer it was justified in paying the same to the person in whose name the stock stood upon its books, or to his legal representatives; and that, as the administrator was not required by any rule of law to produce the certificate on payment to him of the dividends, his failure so to do was not such a notice as put defendant upon inquiry before payment; also that the receipt of the bond of indemnity did not affect defendant's rights or charge it with notice.

Plaintiff gave in evidence a letter to him from defendant's assistant treas-
urer, which referred to a letter written by him, wherein he claimed ten
shares of the company's stock. *Held,* that this was not notice to the
company of ownership of the shares in controversy.

(Argued November 20, 1883; decided December 4, 1883.)

Appeal from judgment of the General Term of the Su-
preme Court, in the first judicial department, entered upon an
order made October 28, 1881, which affirmed a judgment, so
far as appealed from, entered upon a decision of the court on
trial at Special Term. (Mem. of decision below, 25 Hun, 438.)

This action was brought to compel defendant to transfer to
plaintiff, on its books, ten shares of its stock, and to issue to
him a certificate therefor; also to recover various stock and
cash dividends which had been declared upon said ten shares.

In January, 1856, the Lackawanna and Bloomsburgh Com-
pany issued to one Samuel Benedict a certificate for ten shares
of its stock, and his name was thereupon entered upon the
books of said company as a stockholder. Said company, in
1873, became consolidated with the defendant, the holders of
its shares of stock becoming entitled, by the terms of the con-
solidation, to an equal number of shares of the stock of the de-
fendant. Prior to the consolidation, the said company de-
clared various dividends in stock and cash, and Benedict was
credited with the dividends so declared upon his ten shares.
After the consolidation defendant declared other cash dividends,
and a like credit was made to Benedict by it. B. died in 1865.
In April, 1876, upon the representation of his administrator
that the certificate issued to Benedict had been lost or de-
stroyed, and upon receiving a bond of indemnity, the defend-
ant issued to said administrator a new certificate for ten shares
of its stock in lieu thereof. All the said dividends upon the
said ten shares were paid by defendant in May, 1876, to the
administrator of said Benedict (who died in 1865), except the
final dividend of $18.75, which was paid in July, 1876, to Isabel
Lockhart, the assignee of said administrator. Soon after the
original certificate was issued to Benedict, he transferred the

same to the plaintiff, but it did not appear that the latter gave any notice of such transfer, or of his ownership of such stock, either to the Lackawanna and Bloomsburgh Company, or to defendant, until a short time before the commencement of this action and after the payment of dividends as above stated.

The defendant admitted that the plaintiff was entitled to the ten shares of stock. but denied his right to the dividends, and it was so held by the Special Term.

Further facts appear in the opinion.

*A. N. Weller* for appellants. Defendant having had "constructive notice," or notice sufficient to put it on inquiry of plaintiff's rights, is liable to him for the dividends as well as for the stock. (*Williamson* v. *Brown*, 15 N. Y. 354; *Baker* v. *Bliss*, 39 id. 70; *Reed* v. *Gannon*, 50 id. 345; *Hurlich* v. *Bumoran*, 11 Hun, 194; *Pitney* v. *Leonard*, 1 Paige, 461; *Pringle* v. *Phillips*, 5 Sandf. 157; *Whitebread* v. *Boulnois*, 1 Y. & C. Ex. 303; *Kellogg* v. *Smith*, 26 N. Y. 18; *B'k of Poughkeepsie* v. *Hasbrook*, 6 id. 216; *Blydenburg* v. *Brown*, 7 id. 140; *Clark* v. *Iyelstrom*, 51 How. Pr. 407; *N. Y. & N. H. R. R. Co.* v. *Schuyler*, 34 N. Y. 83.) These dividends were the accretions of the original stock and belonged to its equitable owner. (*B. C. R. R. Co.* v. *Sewell*, 6 Am. Rep. 409; *Chew* v. *B'k of Baltimore*, 14 Ind. 299; 48 How. 427; 1 Story's Eq. Jur., § 400.)

*Hamilton Odell* for respondent. The payments were properly made by defendant. (*Smith* v. *Am. Coal Co.*, 7 Lans. 321; *McNeil* v. *Tenth Nat. B'k*, 46 N. Y. 332; *Hill* v. *Newichawanick Co.*, 48 How. 429; *C. & M. Co.* v. *Robbins*, 35 Ohio, 483; 1 Edm. Stat. 561, §§ 6, 8; *Matter of L. I. R. R. Co.*, 19 Wend. 37; *Matter of M. & H. Co.*, id. 135; *Matter of North Shore Co.*, 63 Barb. 556; *Brisbane* v. *D. L. & W.*, 25 Hun, 440.) The production of a stock certificate not being necessary for the collection of dividends its non-production was not, in any sense, either a suspicious or a material circumstance. (*Hill* v. *Newichawanick Co.*, 71 N. Y. 593, af-

firming 8 Hun, 459; *Hoagland* v. *Bell*, 36 Barb. 58.) Plaint
iff's action should have been at law for damages against de-
fendant for allowing a transfer of the ten shares to Mrs. Lock-
hart. (*McNeil* v. *Tenth Nat. B'k*, 46 N. Y. 332; *N. Y.*,
*etc.*, *Co.* v. *Schuyler*, 34 id. 80; *Cady* v. *Potter*, 55 Barb.
463; 3 Lead. Cas. in Eq. 371.)

MILLER, J.  The certificate for the ten shares of stock,
issued by the defendant to the administrator of Samuel Bene-
dict, deceased, was unauthorized, as no scrip was produced
showing that the deceased held the stock at the time of his
death.  By the terms of the original certificate it was only
transferable upon the production of the same, and, it not being
produced, the defendant took the risk of the administrator be-
ing the owner thereof, and, as the proof showed that he was
not, the defendant was properly held liable therefor.  A dif-
ferent rule, however, prevails in reference to the dividends,
and upon the books of the company they were properly paya-
ble to the person in whose name the stock stood or his legal
representative.  *Prima facie*, upon the books of the com-
pany, the administrator of Samuel Benedict was the owner of
the dividends, as there was nothing to show a want of title in
him, and they were only transferable upon the production and
surrender of the certificate.  Until this was done the defend-
ant was bound to regard him as entitled to the same and the
owner thereof.  His title, as it appeared upon the books, was
conclusive until impeached or impaired by the certificate itself
with a transfer, or other evidence, showing that the stock be-
longed to the plaintiff or some other party.  The administra-
tor was clearly authorized to receive the dividends as the stock
stood upon the books, and the defendant was bound to pay the
same unless it had some notice of a change of the title, or of
a transfer of the stock, or such knowledge or information as
would put it upon inquiry as to the ownership thereof.  The
failure of the administrator to present the certificate was not
such a notice, at the time the dividends were received, as sub-
jected the right to collect the same to suspicion or as required

the defendant to make inquiry in regard thereto. The plaintiff had not given any such notice to the defendant as would put it on its guard in reference to the title to the stock and dividends, and there is no rule of law which imposes upon the officers of corporations the duty of requiring the production of the certificate of stock before the payment of dividends on the same. The books containing the lists of the stockholders are evidence of the ownership of the stock, and a corporation is justified in being governed thereby until proof or notice is given showing that other parties than those named therein are the owners of the stock. This case is far different from that of one where a person purchases a bond and mortgage and is chargeable with notice of any defect in the assignor's title thereto unless he requires the production of the bond. There was no notice, constructive or otherwise, which put the defendant upon inquiry in reference to the ownership of the stock in question. Plaintiff produced a letter from defendant's assistant treasurer, which referred to a letter written by him to the company, but it is not shown that the letter referred to communicated the fact that the stock had been transferred to or was claimed by the plaintiff. Although the answer to the letter shows that the plaintiff claimed ten shares of the stock of the company, yet it does not show that they were the same shares in controversy.

The fact that the bond of indemnity was executed does not aid the plaintiff's case. Its object and purpose was to indemnify the company for issuing the new certificate in place of and without the production of the old one, which the defendant had been informed and had reason to believe had been destroyed. The bond of indemnity upon its face has no relation whatever to the payment of the dividends and does not include the same. In no sense can it be regarded as a notice of any thing more than that the original certificate had been destroyed as stated therein. This was not calculated to arouse any suspicion as to the ownership of the stock or its dividends, and it fully justified the company in paying the latter to the administrator of Benedict. According to law the administrator was the ap-

parent owner of and entitled to draw the dividends. The new certificate merely supplied the place of the one which was alleged to have been destroyed for the purpose of transfer and sale in accordance with the rules and regulations of corporations in such cases. In view of the long period of time which had elapsed since the transfer of the certificate by the original owner, and the failure to present the same to the proper officer of the company, for the purpose of obtaining a new certificate, every presumption is in favor of the good faith of the defendant's officers in the payment of the dividends in accordance with the record on the books of the company.

The judgment should be affirmed.

All concur.

Judgment affirmed.