## WASHBURN & MOEN MANUF'G CO. *v.* CLARK.

(*Supreme Court, General Term, Fifth Department. January, 1892.*)

CORPORATIONS—STOCKHOLDERS—LIABILITY FOR CORPORATE DEBTS.

Laws 1848, c. 40, § 10, provides that the stockholders of every company incorporated under this act shall be individually liable for the debts of the corporation created before the capital stock has been fully paid in. Section 25 provides that each corporation shall keep a book containing the names of the stockholders, and their places of residence, the number of shares each owns, and the time when he became the owner; and, until a transfer of stock is recorded in this book, it shall not be valid for any purpose whatever, "except to render the person to whom it shall be transferred liable for the debts of the company according to the provisions of this act." *Held,* in an action to enforce individual liability, that defendant was liable as a stockholder where shares were assigned to him before a debt of the corporation accrued, though they were not transferred on the books of the company till afterwards.

Appeal from special term, Monroe county.

Action by the Washburn & Moen Manufacturing Company against Hudson Clark to enforce his individual liability as a stockholder for a debt of the Rochester Steel Mat Company. Judgment for plaintiff. Defendant appeals. Affirmed.

Argued before DWIGHT, P. J., and MACOMBER and LEWIS, JJ.
*Eugene Van Voorhis,* for appellant. *Hubbell & McGuire,* for respondent.

LEWIS, J. The single and only question in this case necessary to consider is whether the defendant was a stockholder of the Rochester Steel Mat Company, within the meaning of the general manufacturing act of 1848, on the 2d day of January, 1889,—that being the time when the debt accrued for which the judgment was obtained. The evidence tended to show, and the trial court found, that on the 1st day of December, 1888, a Mr. Lenher, being then the owner of 12 shares of the stock of said mat company, of the par val-

ue of $100 a share, made an absolute assignment of the certificate of said stock to the defendant on that day; and that on or prior to the 28th day of December, 1888, the defendant became a stockholder in said company. The evidence upon which these findings were based consisted of the original certificates of the 12 shares issued to Lenher, May 16, 1888, upon the back of which was a written assignment thereof to the defendant in the usual form, dated December 1, 1888; and attached thereto was the certificate of a notary public of the county of New York, certifying that Lenher came personally before him on the 1st day of December, and acknowledged the execution of the assignment; and also three letters from the defendant addressed to the Rochester Steel Mat Company, the first one dated December 28, 1888, in which he states that he has inclosed 12 shares of the capital stock of the mat company, standing in the name of S. J. Lenher, which he wished transferred to himself; and the letter of January 4, 1889, in which, in answer to one from the mat company inquiring what his interest in the stock was, he stated that his position was that of owner of the 12 shares, "which I sent to you to have transferred to me on December 28, 1888, and which was transferred to me by S. J. Lenher, for value received, and you will please send me certificate without delay." The third letter, of April 6th, made inquiry as to whether there was any dividend due him, and informing the company that he would like an offer for his stock. Other witnesses testified to the admissions of the defendant that the certificate of stock was delivered to him at the date of the notary's certificate, December 1, 1888. The contradictive evidence consisted of the oral testimony of the defendant and Lenher, to the effect that the stock was in fact transferred to the appellant on the 28th day of December, 1888; and that, for the purpose of preventing the mat company from offsetting a claim which they had against Lenher to any dividend which may have been declared upon the stock, they induced the notary to antedate his certificate. And they further testified that the transfer of the stock to the defendant was not an absolute transfer, but that the defendant held it as trustee for his brother simply. The trial court gave credence to the certificate of the officer, the letters of the defendant, and his admissions, and disbelieved his testimony and that of Lenher given upon the trial.

We think the defendant has no just cause to complain of the conclusion arrived at by the trial court. The certificate was not in fact transferred to the defendant upon the books of the company till the 11th day of January, 1889, subsequent to the time the debt was contracted; but, the appellant being the actual owner of the stock at the time the debt was contracted, he was liable for the debt, under sections 10 and 25[1] of the general manufacturing act of 1848. He became the legal owner of the stock when the transfer was made, and was from that time entitled to any dividends which might be declared upon the stock. He occupied the place of the prior owner. 1 Mor. Priv. Corp. § 304; *Brisbane* v. *Railroad Co.*, 94 N. Y. 204; *Johnson* v. *Underhill*, 52 N. Y. 203. The judgment appealed from should be affirmed. All concur.

[1] Laws 1848, c. 40, § 10, provides that "all the stockholders of every company incorporated under this act shall be severally individually liable to the creditors of the company in which they are stockholders, to an amount equal to the amount of stock held by them, respectively, for all debts and contracts made by such company, until the whole amount of capital stock fixed and limited by such company shall have been paid in," etc.

Section 25 provides that each corporation shall keep a book containing the names of the stockholders and their places of residence, the number of shares each owns, and the time when he became the owner; and "no transfer of stock shall be valid for any purpose whatever, except to render the person to whom it shall be transferred liable for the debts of the company, according to the provisions of this act, until it shall have been entered therein, as required by this section, by an entry showing to and from whom transferred."