KENNETH H. TURNBULL et al., Copartners under the Firm Name of LEIGH C. TURNBULL & Co., Appellants, *v.* LONGACRE BANK et al., Respondents, and LEHIGH VALLEY COAL COMPANY et al., Appellants.

(Argued June 7, 1928; decided July 19, 1928.)

*William A. Shepard* for plaintiffs, appellants. The Personal Property Law has no application to certificates of stock of Standard Oil Company (Indiana) or Lehigh Valley Coal Company as they are foreign corporations and the statutes of the States of their incorporation were neither pleaded nor proved. (*Barstow* v. *City Trust Co.*, 216 Mass. 330; *Boston Safe Dep. & Trust Co.* v. *Adams*, 224 Mass. 442; *Tarras* v. *Municipal Gas Co.*, 88 App. Div. 251; *Southworth* v. *Morgan*, 205 N. Y. 293; *International Textbook Co.* v. *Connolly*, 206 N. Y. 188; *Hardin* v. *Morgan Lithograph Co.*, 247 N. Y. 332.) The Personal Property Law has not made certificates of stock negotiable instruments and has not changed the common law to the extent that the true owner may be deprived of his property by the acts of a thief. (*Lester* v. *Otis Elevator Co.*, 169 App. Div. 613; *Apex Leasing Co., Inc.,* v. *Litke*, 173 App. Div. 323; *Woolcott* v. *Shubert*, 217 N. Y. 212; *Shaw* v. *Merchants' Nat. Bank of St. Louis*, 101 U. S. 557; *Commercial Nat. Bank* v. *Shriver*, 275

Fed. Rep. 12; *Schumacher* v. *Greene Canacea Copper Co.*, 38 L. R. A. [N. S.] 180; *Hall* v. *Wagner*, 111 App. Div. 70.)

*Rush Taggart* for Standard Oil Company (Indiana), appellant. A corporation is justified in paying dividends to the persons shown on its books as the owners of the stock. (*Brisbane* v. *D., L. & W. R. R. Co.*, 94 N. Y. 204; *McNeil* v. *Tenth National Bank*, 46 N. Y. 325; *Smith* v. *American Coal Company*, 7 Lans. 317; Fletcher on Corporations, 6349.)

*Edward W. Bourne* for Lehigh Valley Coal Company, appellant. Lehigh Valley Coal Company is not liable to Longacre Bank for dividends declared after receipt of notice of the loss, as distinguished from notice of the claim of Longacre Bank. (*Smith* v. *American Coal Co.*, 7 Lans. 317; *Brisbane* v. *D., L. & W. R. R. Co.*, 94 N. Y. 204.) Lehigh Valley Coal Company is not liable to the defendant Longacre Bank for any dividends whatever. (*Smith* v. *American Coal Co.*, 7 Lans. 317; *McNeil* v. *Tenth Nat. Bank*, 46 N. Y. 325; *Brisbane* v. *D., L. & W. R. R. Co.*, 94 N. Y. 204.) The defendant Longacre Bank is not entitled to judgment directing the issuance to it of a new certificate. (*Cushman* v. *Thayer Mfg. Jewelry Co.*, 76 N. Y. 365; *Brisbane* v. *D., L. & W. R. R. Co.*, 94 N. Y. 204; *Rice* v. *Rockefeller*, 134 N. Y. 174; *Bedford* v. *American Aluminum Co.*, 51 App. Div. 537; *Powers* v. *Universal Film Mfg. Co.*, 162 App. Div. 806; *Selwyn-Brown* v. *Superno Co.*, 181 App. Div. 420.)

*Murray L. Jacobs* and *Herman A. Benjamin* for respondent. Defendant-respondent bank, as a *bona fide* purchaser, is vested with title to the certificates in question by virtue of the provisions of article VI of the Personal Property Law. (*Peckinpaugh* v. *Noble & Co.*, 213 N. W. Rep. 859; *Jackson* v. *Peerless Portland Cement Co.*, 213 N. W. Rep. 863; *Rand* v. *Hercules Powder Co., Inc.*, 129 Misc. Rep. 891; *Iowa Securities Corp.* v. *Ridgewood Nat.*

*Bank*, 106 Misc. Rep. 335; *Hale* v. *West Porto Rico Sugar Co.*, 200 App. Div. 577.) The stock certificates are subject to and governed by the provisions of the Personal Property Law. (*Travis* v. *Knox Terpezone Co.*, 215 N. Y. 259; *Norrie* v. *Kansas City Southern Ry. Co.*, 7 Fed. Rep. [2d] 158; *Tauza* v. *Susquehanna Coal Co.*, 220 N. Y. 259; *Dart* v. *Farmers' Bank*, 27 Barb. 337; *McCormick* v. *Pennsylvania Central R. R. Co.*, 49 N. Y. 303; *Strauss* v. *Strauss*, 122 App. Div. 729; *Reed* v. *Chilson*, 142 N. Y. 152; *Major* v. *American Malt & Grain Co.*, 110 Misc. Rep. 132.) The bank is entitled to all dividends from the date of notice to defendants-appellants of loss of the certificates. (*Brisbane* v. *D., L. & W. R. R. Co.*, 94 N. Y. 204; *Glover* v. *National Bank of Commerce*, 156 App. Div. 247; *Seymour* v. *Mechanics & Metals Nat. Bank*, 199 App. Div. 707.)

LEHMAN, J. The plaintiffs are stockbrokers and dealers in securities. In the course of their business they deliver securities to other brokers within the city of New York. On the 11th day of November, 1924, the plaintiffs telephoned to the Wall Street Messenger Company to send a messenger to the plaintiffs' office, for the purpose of delivering securities to certain other brokers. When the messenger came to the plaintiffs' office he was handed certificates of corporate securities of the Freed-Eiseman Radio Corporation, the Lehigh Valley Coal Company and the Standard Oil Company (Indiana), with instructions to deliver them to other brokers. All the certificates were indorsed in blank and transferable by delivery. The messenger stole the certificates.

The stolen certificates came into the possession of the defendant Brinkman. By him they were used as collateral security for a loan of $13,000, which he obtained from the defendant Longacre Bank on the 17th day of November, 1924. The loan was renewed by the bank, but has never been paid. In making and renewing the loan the

bank acted without negligence, honestly and in good faith.

The plaintiffs upon discovery of the theft gave notice thereof to the corporations which had issued the certificates. Beginning on January 6, 1925, the plaintiffs published in the New York *Times* a notice of the theft one day in each week for five successive weeks. Thereafter the corporations issued new certificates to the plaintiffs upon the application of the plaintiffs and upon receipt of indemnity bonds issued by the National Surety Company of New York. Thereafter the plaintiffs learned that the stolen securities were in the possession of the Longacre Bank. Then they brought this action.

The prayer of the complaint is that the defendant Longacre Bank be restrained from transferring, selling or assigning the securities, or from seeking in any manner to have the said securities transferred, upon the books of the corporations which issued the securities. Incidental to this relief the plaintiffs ask that these corporations be restrained from transferring the securities upon their books, and that the Longacre Bank be directed to deliver the securities to the plaintiffs for the purpose of canceling the same upon the books of the said corporations. The foreign corporations appeared voluntarily in the action, and a restraining order was issued, *pendente lite,* as prayed for in the complaint.

The Longacre Bank then answered the complaint and set up as a defense to the plaintiffs' claim that it was entitled to retain possession of the securities as a purchaser for value without notice. The bank in its answer pleaded counterclaims against the defendant corporations which had issued the said securities. It demanded that these corporations accept surrender of the certificates and issue new certificates in lieu thereof to, and in the name of, the bank, and pay to the bank any and all dividends accrued on the certificates or on the shares of stock represented thereby.

After trial the court at Special Term gave judgment that the defendant bank was entitled to retain the securities as pledgee, subject to the right of the plaintiffs to redeem the pledge by paying the debt for which the certificates were collateral security. The court dismissed the bank's counterclaim against the corporations which issued the securities. The Appellate Division modified the judgment, by awarding to the bank the dividends on the securities accruing after the corporations issuing the certificates received notice of the loss or theft of the certificates, and by directing that new certificates be issued on surrender of the original certificates which were stolen.

It is unnecessary for us to decide whether at common law the defendant bank might retain the stolen certificates as pledgee. Elements of negotiability of certificates of corporate stock, lacking at common law, have been supplied by article VI of the Personal Property Law (Cons. Laws, ch. 41 — Uniform Stock Transfer Act). Title to a certificate may be transferred by delivery of the certificate indorsed in blank (section 162). It is provided by section 166 that "the delivery of a certificate to transfer title in accordance with the provisions of section one hundred and sixty-two is effectual, except as provided in section one hundred and sixty-eight, though made by one having no right of possession and having no authority from the owner of the certificate or from the person purporting to transfer the title." Section 168 provides that "if the delivery of a certificate was made (c) without authority from the owner * * * the possession of the certificate may be reclaimed and the transfer thereof rescinded, unless: (1) The certificate has been transferred to a purchaser for value in good faith without notice of any facts making the transfer wrongful * * *." Here the evidence and findings establish that the Longacre Bank is a purchaser for value and without notice of any facts making the transfer wrongful. It is evident that

under the provisions of the Personal Property Law the possession of an innocent purchaser for value of certificates of stock indorsed in blank is fully protected. In that respect, though delivery was made by one who, being a thief, had himself neither right of possession or authority to transfer title, such certificates possess the attributes of negotiable instruments. The bank has acquired title to the certificates as pledgee. The plaintiffs may reclaim the certificates only by payment of the debt for which they are security.

We have assumed that the Personal Property Law applies to transfers of the stolen certificates. It is true that the term " certificate " as used in article VI of the Personal Property Law includes only " a certificate of stock in a corporation organized under the laws of this State or of another State whose laws are consistent with this act " (section 183), and there is no proof in the record that the laws of the States of Pennsylvania and of Indiana, under which the Lehigh Valley Coal Company and the Standard Oil Company (Indiana) were organized, are consistent with the Personal Property Law (Uniform Stock Transfer Act). At the trial no party to the action offered such proof, and, on the other hand, no party contended that unless such proof was offered the provisions of the Personal Property Law did not apply. The court and all the parties assumed that, even without such proof, the rights of the parties are defined by the statute. It is too late now to raise a contention that proof should have been given that the laws of Pennsylvania and of Indiana are consistent with the Uniform Stock Transfer Act. (*Peckinpaugh* v. *Noble & Co.,* 213 N. W. Rep. 859.) The appellants do not even now claim that such proof could not have been given at the trial, if any party had seen fit to waste the time of the court by requiring proof of a fact about which no real controversy could exist.

We agree with the Appellate Division that the bank is entitled, upon surrender of the certificates to the corporations which issued them, to receive new certificates. True, the bank had not asked the corporations to make such transfer before it pleaded its counterclaim, but it was at that time enjoined from seeking such transfer. There is no proof in this case that the certificates which the corporations had issued to the plaintiffs in place of the stolen certificates were issued under statutes of Pennsylvania and Indiana analogous to sections 75 and 76 of the Stock Corporation Law (Cons. Laws, ch. 59) and section 178 of the Personal Property Law of this State. There is no proof that either corporation cannot issue new certificates to the bank, as directed by the judgment, without exceeding its authorized capital stock. We do not now consider what might have been the effect of such proof if it had been given. Here no reason appears why the corporations should not issue new certificates upon surrender of the old. These foreign corporations have voluntarily submitted to the jurisdiction of the courts of this State, and even though they have not been guilty of any wrongful refusal to issue new certificates, since the bank did not, until it filed its counterclaim, demand such certificates, they may be directed by a court of equity to issue such certificates *now.*

From the time that the bank filed its answer, these corporations knew that the bank claimed title to the certificates issued by it as a purchaser for value and, except as restrained by order of the court, demanded transfer of the certificates upon the corporate books and payment of dividends which had accrued or might thereafter accrue. Ordinarily a corporation may continue to pay dividends to the person registered on its books as the owner of the stock. (Personal Property Law, section 164.) It may not do so after a transferee from the registered owner has not only given notice of such transfer but has demanded that new certificates be issued to him.

The rights of the actual owner of the stock to dividends are not altered by the injunction which precluded such a demand for a change on the corporate registry of stock ownership. The purpose of the injunction *pendente lite* was to maintain the existing status until the courts might pass upon the disputed ownership of the stock. The corporations were not compelled because of the injunction to continue to pay dividends to the plaintiffs after they had notice not only of the claim of the bank but also of the fact that litigation was then pending to determine the validity of that claim. The bank is, therefore, entitled to dividends payable on its securities after the answer containing its counterclaim was served on the corporations which issued the certificates.

We think that the Appellate Division went too far in also allowing the bank to recover dividends payable on the securities from the date that the corporations received notice of the loss or theft of the securities. Notice of loss or theft is not notice that the securities were transferred wrongfully to an innocent purchaser for value. Until the corporations received notice that an innocent purchaser had obtained good title against the original owner, and that such purchaser claimed from the corporations the right to dividends, which is incidental to ownership of the corporate stock, the corporations might continue to recognize the exclusive right of the person registered on its books as the owner of shares to receive dividends. (Personal Property Law, section 164; *Brisbane* v. *Del., L. & W. R. R. Co.*, 94 N. Y. 204.)

The judgment of the Appellate Division should be modified by limiting the award of dividends to the period beginning with the date of service of the answer of the defendant Longacre Bank, and as modified affirmed, with costs to the Longacre Bank against the plaintiffs.

CARDOZO, Ch. J., POUND, CRANE, ANDREWS, KELLOGG and O'BRIEN, JJ., concur.

Judgment accordingly.