WILLIAM H. BALDWIN et al., Copartners under the Name
of WOODWARD, BALDWIN & COMPANY, Appellants, *v.*
HARRIS S. CHILDS et al., Copartners under the Firm
Name of CHILDS & JOSEPH et al., Defendants, and
SKEFFINGTON S. NORTON et al., Copartners under the
Name of NORTON, LILLY & COMPANY, Respondents.

(Argued October 4, 1928; decided November 20, 1928.)

*Joseph Rowan* for appellants.  Assuming that Childs &
Joseph's deliveries of cotton cloth on December 20, 23 and
26, 1921, were to fulfill the requirements of the bills of lading

issued on November 29 and December 5, 1921, the plaintiffs-appellants Woodward, Baldwin & Co. were entitled to require the return of the cotton cloth from the defendants-respondents Norton, Lilly & Co. or a money judgment for the market value thereof on January 5, 1922. (*Whitten* v. *Fitzwater*, 129 N. Y. 626; *Gillespie* v. *Piles Co.*, 178 Fed. Rep. 486; *Donaldson* v. *Farewell*, 93 U. S. 631; *Hull* v. *Naylor*, 18 N. Y. 588; *Nichols* v. *Michael*, 23 N. Y. 264; *Converse* v. *Sickles*, 146 N. Y. 200; *Matter of Hunt, Rand Co.*, 241 Fed. Rep. 175; *Stevens* v. *Rose*, 69 Mich. 259; *Walker* v. *Sawyer*, 13 N. H. 191; *St. Paul Second Nat. Bank* v. *Lasson*, 80 Wis. 469; *Barnard* v. *Campbell*, 58 N. Y. 78; *Friedlander* v. *Texas Pac. R. R. Co.*, 130 U. S. 416; *Parker* v. *Baxter*, 86 N. Y. 586; *Goodwin* v. *Wertheimer*, 99 N. Y. 149; *A. S. R. Co.* v. *Fancher*, 145 N. Y. 552.) Plaintiffs-appellants had nothing to do with the issuance of the bills of lading; had no knowledge of their existence and are not chargeable with any obligation under their terms. (10 Corpus Juris, 205, 206, §§ 267, 272.)

*Cletus Keating* and *James H. Herbert* for respondents. Assuming plaintiffs proved an intention on the part of Childs & Joseph not to pay for the goods, the order of the Appellate Division and the judgment entered thereon reversing the prior judgment in favor of the plaintiffs on the law was correct. (*The Idaho*, 93 U. S. 575; *The Capitaine Faure*, 10 Fed. Rep. [2d] 950; *Pyle* v. *Texas Transport & Terminal Co.*, 238 U. S. 90; *Robinson* v. *Memphis & C. R. Co.*, 16 Fed. Rep. 57; *Voorhis* v. *Olmstead*, 66 N. Y. 113; *Knights* v. *Wiffin*, L. R. 5 Q. B. 660.)

CARDOZO, Ch. J. Plaintiffs, manufacturers, made contracts in October, 1921, for the sale to Childs & Joseph of 574 bales of cotton goods, to be marked and numbered in a stated way, payment to be made within seventy days following delivery. The buyers were then

hopelessly insolvent, their liabilities being $2,518,000 in excess of their assets.

The goods were not delivered till December 20, 23 and 26. Before that date, however, negotiable bills of lading, identifying the goods by marks and numbers and calling for their transportation to a foreign country, had been issued to the buyers by the defendants Norton, Lilly & Co., agents for a steamship company. These bills of lading, dated November 29 and December 5, were issued in violation of law (U. S. Code, title 49, § 121; Penal Law, § 360; Pers. Prop. Law [Cons. Laws, ch. 41], § 230), since the goods they represented were not aboard the vessel and were not even in existence. The bills were at once negotiated to banks, who took them in good faith and in return for present value.

Upon the delivery of the bales in the latter part of December, the buyers promptly sent them to the defendants Norton, Lilly & Co., the agents for the steamship line, who held them as bailees for the account of the holders of the outstanding bills of lading. By this time the financial condition of Childs & Joseph had become more desperate than ever. A few days later, on December 29, a committee of creditors began an examination of their books. The plaintiffs gave notice of rescission on January 5, 1922, and demanded back the goods, then in the possession of Norton, Lilly & Co., as bailees for the banks, the holders of the bills of lading. This action of replevin followed. A judgment in favor of the plaintiffs was reversed by the Appellate Division and the complaint dismissed upon two grounds, *first*, that the evidence was insufficient to justify a finding that the goods were bought and accepted with fraudulent intent; and, *second*, that even though fraud had been made out, the holders of the bills of lading had gained the better title.

We think a jury might fairly find, not merely that Childs & Joseph were insolvent, but that they bought the goods and accepted delivery with the preconceived

intent to refuse payment when due (*Whitten* v. *Fitzwater*, 129 N. Y. 626; *Hotchkin* v. *T. N. Bank*, 127 N. Y. 329; *Hennequin* v. *Naylor*, 24 N. Y. 139; *Matter of Hunter, Rand Co.*, 241 Fed. Rep. 175; Williston, Sales, pp. 1585, 1586, 1608). As to this we content ourselves with stating our conclusion. No useful end would be promoted by an analysis of the evidence, for we agree with the Appellate Division that the effect of the delivery of the goods to the agents of the steamship company before notice of rescission was to validate the bills of lading and confirm the title of the banks as purchasers for value.

The bills of lading, when issued, did not pass the title to the goods, for the goods, as we have seen, were not aboard the vessel nor even manufactured (*Armour* v. *M. C. R. R. Co.*, 65 N. Y. 111; *Bank of Batavia* v. *N. Y., L. E. & W. R. R. Co.*, 106 N. Y. 195; *Pollard* v. *Vinton*, 105 U. S. 7). Even so, the effect of delivery when subsequently made was to give vitality to the bills by relation and estoppel, and confirm the title of the holders (*The Idaho*, 93 U. S. 575, 582; *Pyle* v. *Texas, etc., Co.*, 238 U. S. 90; *Halliday* v. *Hamilton*, 11 Wall. [U. S.] 560, 565; *The Capitaine Faure*, 10 Fed. Rep. [2d] 950). The case would be different if between the making of the bills and the delivery at the steamship, another lien or title had intervened (*Cook* v. *Tullis*, 18 Wall. [U. S.] 332; *Halliday* v. *Hamilton, supra*). The sale by the plaintiffs to Childs & Joseph was voidable, not void, and delivery was made upon the vessel, to feed the bills of lading, before notice of rescission had given birth to hostile rights (*Wise* v. *Grant*, 140 N. Y. 593).

We think the banks did not cease to be purchasers for present value because, when value was thus given, the bills that they bought and paid for were not yet united to the goods. Their standing as such purchasers may have added nothing to their title until the union was effected. Once it was effected, title to the goods was theirs perforce of title to the bills, and for the bills

they had paid cash. Their rights would be no less, however, if the bills of lading were to be taken as coming into being when the goods were on the vessel, and till then as empty simulacra. The cash paid by the banks was then an antecedent debt, but the continuing duty rested on the carrier to validate the existing documents or to issue new ones as a substitute. The transportation was to a foreign country, with the result that the bills of lading were subject to the Federal statute (U. S. Code, title 49, §§ 81, 111; Federal Uniform Bills of Lading Act of August 29, 1916, ch. 415; 39 Stat. 538). An antecedent debt is value within the ruling of the Federal courts (*Pere Marquette Ry. Co.* v. *French & Co.*, 254 U. S. 538, 542, 543; *Swift* v. *Tyson*, 16 Pet. [U. S.] 1; *Brooklyn City & N. R. R. Co.* v. *Nat. Bank of Republic*, 102 U. S. 14).

Nothing to the contrary was held in *Barnard* v. *Campbell* (55 N. Y. 456; 58 N. Y. 73). No bill of lading or other document of title had been issued in that case. The situation was the same as it would be here if the banks had paid their money, not in the purchase of bills of lading, but in return for a promise by a manufacturer or a customer to deliver goods thereafter when manufacture was completed. How far the rule in this State as to the meaning of " value " has been changed by the revision of the statutes in cases not affected by the Federal rule, we do not now consider. If it survives, it has been subjected to many inroads (*Turnbull* v. *Longacre Bank*, 249 N. Y. 159; *Kelso & Co.* v. *Ellis*, 224 N. Y. 528; Neg. Inst. Law [Cons. Laws, ch. 38], § 51; Pers. Prop. Law, §§ 156, 166, 183, 239; Gen. Bus. Law [Cons. Laws, ch. 20], § 142). We are not ready to extend it to a case where bills of lading issued without the goods, but bought for present value, are thereafter made effective by union with the goods described.

The judgment should be affirmed with costs.

POUND, CRANE, ANDREWS and O'BRIEN, JJ., concur; LEHMAN and KELLOGG, JJ., dissent.

Judgment affirmed.