MANUFACTURERS TRUST COMPANY, Plaintiff, *v.* BANK OF YORK-TOWN, Defendant.

Municipal Court of New York, Borough of Manhattan, First District, October 5, 1935.

*Newman & Biscoe* [*Robert E. Hendrickson* of counsel], for the plaintiff.

*Mackey, Herrlich & Breen* [*Joseph J. Marrin* of counsel], for the defendant.

GENUNG, J.   Plaintiff, as the pledgee of one Skolkin, the owner of stock in the defendant, sues to recover from the defendant dividends declared on such stock.

In January, 1932, Skolkin executed to plaintiff his demand note for $29,250 and deposited with plaintiff as collateral, among other things, 150 shares of the capital stock of the defendant.   That indebtedness has been reduced to $15,363.76.

In March, 1932, Skolkin was indebted to the defendant in the sum of $25,000, represented by promissory notes, which have from time to time been extended and reduced to $8,375.66, for which

latter amount defendant obtained judgment against Skolkin on May 2, 1935, upon a note dated November 5, 1934, and payable December 5, 1934.

Dividends were declared by the defendant payable in January, April and July, 1935, respectively, although the date of the declaration of the dividends does not appear.

On December 14, 1934, plaintiff transmitted to the defendant an order of Skolkin directing that all dividends on the stock be sent to the plaintiff. Plaintiff claims the dividends by virtue of its pledge, while defendant asserts the right to offset the dividends against Skolkin's indebtedness.

The pledgee has the right to retain possession and control of the pledge with the income or benefits in addition thereto, until the debt is paid and it is the pledgee's duty to collect dividends on the stock and apply them to the reduction of the indebtedness. (*Brightson* v. *Claflin*, 225 N. Y. 469.)

Although plaintiff received the stock as collateral in 1929, properly indorsed for transfer, it never presented the stock for transfer because of a possible liability for assessment (State Const. art. 8, § 7). Such failure to cause the transfer to be made would not ordinarily affect plaintiff's right to the dividend unless defendant, without notice of such transfer, had paid the dividends to the stockholder of record. " Ordinarily a corporation may continue to pay dividends to the person registered on its books as the owner of the stock (Personal Property Law, section 164).'' (*Turnbull* v. *Longacre Bank*, 249 N. Y. 159, 166.)

The certificate of stock provides that it is transferable only upon the books of the defendant, but if the defendant had knowledge of the pledge prior to the payment of dividends, the transfer was not necessary, nor does the fact that the defendant's by-laws require the transfer to be made on the books aid it. (*Hale* v. *West Porto Rico Sugar Co.*, 200 App. Div. 577.)

To effectuate the by-law prohibiting transfer by any stockholder who is indebted to the corporation, it is necessary that a copy of section 66 of the Stock Corporation Law be written or printed upon the certificate of stock. That statute applies to a domestic banking corporation. (*Strahmann* v. *Yorkville Bank*, 148 App. Div. 8; affd., 210 N. Y. 536; *Matter of Starbuck*, 251 id. 439.) The section of the Stock Corporation Law does not affect the rights of ownership. It merely prohibits the complete transfer of the stock.

In *Matter of Starbuck* (*supra*) the Court of Appeals said (at p. 445): " The right to the dividends is an incident of the ownership of the stock. The executrix is the owner of the stock, and the statute, as we have pointed out, does not alter or diminish any

rights of ownership except the right to make a complete transfer of the stock. The provision of the order that the amount of dividends retained by the corporation shall constitute a partial payment of the distribution or dividend payable to the corporation is correct."

The plaintiff is, therefore, entitled to judgment in the amount sued for, with interest.

Motion by defendant for judgment is denied. Five days' stay.