CLARENCE S. LUNT, Doing Business under the Firm Name and Style of C. S. LUNT & Co., Plaintiff, *v.* GENESEE VALLEY TRUST COMPANY and Another, as Executors, etc., of DORIS V. CHAMBERS, Deceased, and ENTERPRISE FOUNDRY COMPANY, Defendants.

City Court of Rochester, Civil Branch, April 21, 1937.

*Harris, Beach, Folger, Bacon & Keating* [*Kenneth Keating* of counsel], for the plaintiff.

*Crittenden & Crittenden* [*David Hochstein* of counsel], for the defendant executors.

*Lynn Bros.* [*Maurice S. Lynn* of counsel], for the defendant Enterprise Foundry Company.

TOMPKINS, J.  The plaintiff has sued the defendants to recover $760, being a dividend declared by the defendant Enterprise Foundry Company and paid by it to the testatrix, Doris V. Chambers.  The action was originally brought against Mrs. Chambers and upon her decease her executors were substituted in her stead.

The stock in question, consisting of ninety-five shares, was sold by the testatrix Chambers on January 4, 1935, to George D. B. Bonbright & Co., which in turn on January ninth sold and delivered it to the plaintiff, who remained owner and holder thereof until January twenty-fourth.

January 11, 1935, the defendant foundry company directors declared an eight per cent dividend on its stock, payable within ten days to its stockholders of record on December 31, 1934.  Mrs. Chambers was the record owner of the stock in question both on that date and on January twelfth, when the foundry company paid Mrs. Chambers $760, the declared dividend on her stock.  January 25, 1935, Bonbright & Co. wrote Mrs. Chambers that one of their clients held on January eleventh the ninety-five shares registered in her name, and demanded the $760 received by her.  Mrs. Chambers retained the dividend, and the action was brought against her and the corporation which declared and paid the dividend.

The testatrix, Mrs. Chambers, on January 12, 1935, received as record owner on December 31, 1934, of ninety-five shares of stock, a dividend of $760 declared on January eleventh.  On that date the plaintiff was the actual owner of the stock in question.  Is the plaintiff or the defendant executors entitled to this dividend?  Certain principles in respect to the declaration of dividends, the ownership and the payment thereof, are well established.

It has been held repeatedly that the actual owner of corporate stock at the time when dividends are declared is entitled to such dividend as an incident of his ownership of the stock.  (*Brundage* v. *Brundage*, 60 N. Y. 544, 551; *Jermain* v. *Lake Shore, etc., R. Co.*, 91 id. 483, 492; *Hopper* v. *Sage*, 112 id. 530; *Ford* v. *Snook*, 205 App. Div. 194, 196; affd., 240 N. Y. 624; *Matter of Booth*, 139 Misc. 253, 255; *Matter of Wolfe*, 155 id. 190, 194.)  And this although the dividends are payable at a future date.  (*Matter of Kernochan*,

104 N. Y. 618, 624; *Matter of Booth supra; Matter of Wolfe, supra; Ford* v. *Snook, supra.*) The declaration of dividends makes the corporation a debtor to its stockholders. (*Ehle* v. *Chittenango Bank,* 24 N. Y. 548, 549; *Ford* v. *Snook,* 205 App. Div. 194, 196.)

Payment of a dividend to the record owner of the stock without actual notice of the legal owner's title thereto, protects the corporation making the payment. (*Brisbane* v. *Delaware, L. & W. R. R. Co.,* 94 N. Y. 204, 208; Pers. Prop. Law, § 164; *Turnbull* v. *Longacre Bank,* 249 N. Y. 159, 167; *Manufacturers Trust Co.* v. *Bank of Yorktown,* 156 Misc. 793.) Corporation rules making dividends payable to stockholders of record on a stated date are for the convenience of the corporation. (*Ford* v. *Snook,* 205 App. Div. 194, 196; affd., 240 N. Y. 624; *Matter of Wolfe,* 155 Misc. 190.) It has been stated that this does not affect the title to the dividend. (*Ford* v. *Snook,* 205 App. Div. 194, 196.) In this case the dividend was declared prior to the defendant's transfer of his stock, and the judgment entered on a verdict directed in plaintiff's favor was reversed.

The plaintiff asserts that the defendant, the Enterprise Foundry Company, wrongfully paid to Mrs. Chambers its dividend of $760 declared January 11, 1935. The resolution declaring the dividend directed that it be paid within ten days to the stockholders of record on December 31, 1934. It paid Mrs. Chambers the dividend on January 12, 1935. Mrs. Chambers was the record owner both on December 31, 1934, and January 12, 1935. The plaintiff was the actual owner on January 11, 1935, when the dividend was declared.

The defendant, the Enterprise Foundry Company, urges that section 62 of the Stock Corporation Law, adopted in 1930, makes the payment of dividend mandatory to the stockholder of record where the corporation has fixed the date for the determination of stockholders entitled to receive any such dividend not more than forty days prior to the date designated for such payment, and argues that inasmuch as the date fixed for the payment of dividends was within ten days from January eleventh and the record date of stockholders was fixed as of December thirty-first, that payment by the corporation to Mrs. Chambers, who was the record owner on December thirty-first, was mandatory. I cannot approve this construction of section 62. To ascertain the meaning and the application of the section, all its provisions must be examined. The construction urged would legalize fixing the date for determining the record stockholders prior to the date declaring the dividend, if not more than forty days before the date of payment. The section, by its last sentence, provides that the directors may

also prescribe a period not exceeding forty days prior to the payment of the dividend, during which no transfer of stock on the corporation books may be made. This closed period during which no transfer on the books is permitted, must necessarily be *after* the act of the directors prescribing it. It is the end of this subsequent period which, being not more than forty days prior to the date of payment, is the date on which the ownership of record determines who shall receive the dividend from the corporation. In other words, it is a period *subsequent* to the resolution declaring the dividend, and not *prior* thereto. That being so, section 62 gave no authority to the corporation defendant to fix a date for the determination of the record owner prior to the date of the resolution declaring the dividend.

It is urged by both plaintiff and the defendant executors that the act of the defendant corporation in fixing the time for determining the record owners entitled to receive dividends, *prior* to the date declaring the dividend, is without authority and is illegal. In support of this position, *Jones* v. *Terre Haute & Richmond R. R. Co.* (57 N. Y. 196) is cited. I do not find this case supports their contention. The defendant corporation passed a resolution December seventeenth declaring dividends upon stock registered on its books on November thirtieth. The plaintiff's stock was duly issued to him on December sixteenth. The corporation refused to recognize his right to dividends thereon. The court merely held that this stock duly issued by the corporation after the record date, and which was outstanding on the date the dividends were declared, was entitled to share in the dividends. It does not hold directly, nor I think indirectly, that it was illegal to fix the prior date for determining what persons should receive dividends. It was illegal so far as it excluded then issued stock from sharing the dividend.

Section 164 of the Personal Property Law provides that nothing in article 6 thereof shall be construed as forbidding the corporation "(a) to recognize the exclusive right of a person registered on its books as the owner of shares to receive dividends, and to vote as such owner."

By this section a corporation may recognize the exclusive right of a person registered on its books as the owner of shares to receive dividends. This means, without question, a person registered at the time of receiving such dividends. That Mrs. Chambers was registered on December thirty-first did not protect the corporation in paying her. She was, however, registered on January eleventh and January twelfth, and, therefore, payment to her was a proper valid payment under the provisions of section 164, provided the

defendant corporation had no notice of the plaintiff's claim of ownership. The plaintiff failed to establish such notice. The payment was right. The complaint as against the Enterprise Foundry Company must be dismissed on the merits, with costs.

The defendant executors urge that the plaintiff may not recover herein the dividends received by their testatrix, for the reason (1) that there was no privity of contract, and (2) that neither a relation of trust existed nor was there an implied promise to pay. We have held that Mrs. Chambers rightfully received the dividend.

That moneys are rightfully received does not establish they may be legally retained. An agent, a lawyer, an executor, may collect, but he must also account. The very fact that, although money is legally received without the owner's consent, yet it ultimately belongs to another, creates an obligation to pay on demand.

The plaintiff's right to the dividend depended upon ownership, not on registering his certificate. Failure to register did not divest his title. The rule governing the owner's title to dividends when declared, being established by the courts, may not be abrogated by the act of the corporation; nor may the custom of a particular corporation in declaring dividends change the established rule of title, unless both buyer and seller contract with full knowledge of the custom and impliedly adopt it as a part of their terms of sale.

The defendants' testatrix by selling her stock lost her right to retain the dividend thereafter declared, as against the purchaser, not only as to her immediate purchaser but also as to any subsequent purchaser who might own the stock when the dividend should be declared. By her contract of sale there was created an implied promise to pay over to any subsequent purchaser of the stock any subsequently declared dividend she might collect. When collected by her, she held the dividend in trust for such purchaser and owner.

In *Roberts* v. *Ely* (113 N. Y. 128) the Court of Appeals declared (at p. 131): " The action for money had and received to the use of another is the form in which courts of common law enforce the equitable obligation. * * * Whenever one person has in his possession money which he cannot conscientiously retain from another, the latter may recover it in this form of action. * * * No privity of contract between the parties is required, except that which results from the circumstances. * * * It is immaterial, also, whether the original possession of the money by the defendant was rightful or wrongful. It is sufficient that the duty exists on his part, created by the circumstances, to account for and pay it over to the plaintiff." These well-defined guiding principles,

bulwarked by the rule of fairness and justice, clearly apply to the controversy between the plaintiff and the defendant executors. The plaintiff is entitled to recover herein.

We hold that as the plaintiff was the actual owner of the stock on January 11, 1935, the payment of the dividend declared on that date to Mrs. Chambers, the record holder on January 12, 1935, was received by her for his benefit, and that he is entitled to recover from her executors the amount she then received, with interest from January 12, 1935, the date of payment.