In the Matter of the Probate of the Will of JOSEPH NOETHEN, Deceased. ALOIS A. NOETHEN, Appellant; MICHAEL C. NOETHEN, Respondent.— Decree and order affirmed, without costs of this appeal to either party. All concur. (Appeal from a decree of Erie Surrogate's Court denying probate to the alleged holographic will of decedent. The order denied petitioner's motion for an order reopening the proceeding for further proof.) Present — McCurn, P. J., Vaughan, Kimball, Wheeler and Van Duser, JJ.

BUFFALO HEBREW SOCIAL CLUB FEDERAL CREDIT UNION, Appellant, v. DAVID COLES, Defendant, and INTERNATIONAL HARVESTER COMPANY et al., Respondents. — Judgment and order reversed on the law, with costs, and plaintiff's motion for summary judgment granted, with costs. Memorandum: Defendant sold a truck to one Coles under an unrecorded conditional sales contract. While Coles was in possession of the truck and was the apparent owner thereof, he borrowed money from the plaintiff. In default and threatened with legal action, Coles subsequently mortgaged the truck to plaintiff as security for the antecedent debt. Plaintiff accepted the chattel mortgage, which was properly recorded, in good faith and without notice of defendant's reserve title. We think that plaintiff was a "purchaser" within the meaning of section 65 of the Personal Property Law, although the mortgage was taken to secure a pre-existing claim. (Personal Property Law, § 156; *Peusen v. Marsh,* 218 N. Y. 505, 508; *Baldwin v. Childs,* 249 N. Y. 212, 216; see, also, 1935 Report of N. Y. Law Revision Commission, pp. 21–32; Eager on Chattel Mortgages and Conditional Sales, § 345; and *Moyer v. McIntyre,* 43 Hun 58.) All concur. (Appeal from a judgment of Erie Special Term dismissing plaintiff's complaint in an action to foreclose a chattel mortgage.) Present — McCurn, P. J., Vaughan, Kimball, Wheeler and Van Duser, JJ.

ANNA GAHAN, Respondent, v. ONEIDA NATIONAL BANK & TRUST CO., OF UTICA, NEW YORK, Appellant.— Judgment reversed on the law and facts and a new trial granted, with costs to the appellant to abide the event. Memorandum: The facts as presented on the trial disclose no situation in which the doctrine of *res ipsa loquitur* could apply (*George Foltis, Inc.,* v. *City of New York,* 287 N. Y. 108); nor was the doctrine introduced or suggested by counsel. The charge of the trial court that this doctrine applied in this case is patent error; and, under the circumstances of the close questions of negligence here presented, was prejudicial to the appellant. All concur. (Appeal from a judgment of Oneida Trial Term for plaintiff in a negligence action.) Present — McCurn, P. J., Vaughan, Kimball, Wheeler and Van Duser, JJ.

THE PEOPLE OF THE STATE OF NEW YORK ex rel. ALDIE BEAUSOLEIL, Appellant, v. WALTER B. MARTIN, as Warden of Attica Prison, Respondent.— Order affirmed, without costs of this appeal to either party. All concur. (Appeal from an order of Wyoming County Court dismissing a writ of habeas corpus and remanding relator to the custody of the warden.) Present — McCurn, P. J., Vaughan, Kimball, Wheeler and Van Duser, JJ.