Harold Baer, J.
This is an action to recover the undisbursed balance, amounting to $1,048.80 deposited by the plaintiff with the defendant under the terms of a mortgage, for the payment of annual taxes, water charges, and sewer rents (Exhibit I, par. 19). This was the balance in the aforesaid escrow account *500 on March 1, 1965 when, pursuant to an order of condemnation, the City of New York became vested with title to the premises owned by plaintiff and on which the defendant had a mortgage lien.
On account of the condemnation award, the city issued its warrant on July 20, 1965 to plaintiff for $39,300. Plaintiff indorsed the warrant over to the defendant, which used it to pay off the balance of the principal sum then due, $38,405.26, plus interest from March 1,1965 to July 20,1965 at 4%, (General Municipal Law, § 3-a), amounting to $602.38, and issued its check to plaintiff for the difference of $247.38.
Subsequently, defendant claimed that it was entitled to $290.50 from the plaintiff, representing an additional 2% interest for the period between vesting of title and payment because the mortgage obligation had provided for interest at the rate of 6%. The defendant deducted the $290.50 from the escrow account of $1,048 in its possession and forwarded a check for the remainder to the plaintiff (Exhibit 6, attached to motion papers). This check was .refused and returned to the defendant. This suit was commenced, and now plaintiff seeks summary judgment for $1,048.80, with interest from July 20, 1965.
The defendant has not submitted an affidavit, relying solely on its memorandum of law. There does not seem to be any factual issue. The sole issue is one of law. Was the defendant justified, as a matter of law, in taking 6% interest instead of the 4% paid by the city?
The defendant, contends that the deduction of the extra 2% interest was proper under the terms of the mortgage note; that the statutory obligation of the municipality restricting interest to á% does not affect the lender’s right to recoup the difference from its borrower under the terms of the mortgage note. It also contends that the escrow funds were additional security under the mortgage and that it had a lien thereon to pay any sums due to it (citing Falkland v. St. Nicholas Nat. Bank, 84 N. Y. 145; Manufacturers Trust Co. v. Bank of Yorktown, 156 Misc. 793; Matter of Lacaille, 44 Misc 2d 370). The defendant also places great reliance upon Matter of City of New York [Brooklyn Bridge], 46 Misc 2d 558). In that case the court upheld the right of the mortgagee to collect 6% interest even though the city paid only 4%. However, there was a special agreement. Section B15-37.0 of the Administrative Code of the City of New York does not bar agreements between mortgagor and mortgagee; neither does section 3-a of the General Municipal Law. In the Brooklyn Bridge case {supra) there was an agree *501 ment whereby the owner specifically agreed to pay the difference in interest between that received from the governmental authority and 6% (p. 560). There is no “ special ” agreement in the instant case. The monthly deposit, held by defendant for taxes, water and sewer rents, was not such a “ special ” agreement (Exhibit I, par. 19). The same mortgage (Exhibit I) does have the usual clause in the event of condemnation (par. 6), assigning the proceeds to the mortgagee.
On March 1, 1965, title to the mortgaged property vested in the City of New York. The defendant filed its claim and participated in the condemnation proceedings; it surrendered the mortgage note and satisfied the mortgage (Exhibit 2) on June 20, 1965. All that defendant retained was an equitable lien on the condemnation award. Under such circumstances the mortgagee is deemed to have chosen to satisfy its loan out of the payment from the condemning governmental authority, and not by reason of the mortgage note. It is therefore restricted to the legal interest rate payable by that authority and may not collect more interest under a note obligation which no longer is in existence. ‘ ‘ The obligation of the sovereign has been substituted for the [contractual obligation in the] bond [note] ” (Fliegel v. Manhattan Sav. Bank, 296 N. Y. 214, 218; Muldoon v. Mid-Bronx Holding Corp., 287 N. Y. 227. Matter of Bond & Mortgage Guar. Co., 266 App. Div. 876; Matter of Haber, 230 N. Y. S. 2d 755.)
The defendant also contends that this suit involves only $290.50 because defendant “ tendered ” a check for $758.30 which was refused. This was not a tender in form to stop the running of interest or of costs (see CPLR 2601, 3219).
The plaintiff may have judgment against this defendant for $1,048.80, with interest from July 20,1965.