Per Curiam.

Upon motion for summary judgment, plaintiff broker established that it purchased certain listed securities from defendant, through his brokerage firm, prior to the date a dividend was declared thereon. Defendant failed to raise any legal or relevant factual issue in defense of the conversion action, based upon his wrongful retention of the dividend, which would preclude summary judgment, on this issue of liability.
The fact that defendant remained the owner of record on the books of the corporation on the dividend payable date does not affect the actual owner’s title to the dividend (see Lunt v. Genesee Val. Trust Co., 162 Misc. 859, and cases cited therein at pp. 860-861). The further fact that plaintiff purchased the stock for its own customer does not affect its standing to sue. Plaintiff acted as principal and registered the stock in its own name (see Ludwig v. Gillespie, 105 N. Y. 653). Finally, the claim of laches is unavailable in this action at law (see Feldman v. Metropolitan Life Ins. Co., 259 App. Div. 123). "While the complaint also asserts a claim of unjust enrichment, the- evidence establishes that the gravamen of the entire action is a claim of conversion, timely commenced. On the question of damages, plaintiff is entitled to an amendment of the complaint to increase the ad damnum, but it must prove, upon an assessment, its unsubstantiated claim that defendant sold the dividend stock at a higher market price than that obtained on the dividend payable date.
The orders should be reversed, with $10 costs, and motion granted increasing the ad damnum, awarding plaintiff summary judgment on the issue of liability, and directing an assessment of damages.
Gold and Streit, JJ., concur; Markowitz, J., taking no part.
Orders reversed, etc.